CH

**RECEIVED**

JAN 2 4 2008

Jan 24 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

)
*Ann H. Flowers* )
)
)
(Name of the plaintiff or plaintiffs) )
)
v. )
*U S P S* )
*John E. Potter* )
*Postmaster General* )
(Name of the defendant or defendants) )

08CV 552
JUDGE KENNELLY
MAGISTRATE JUDGE COX

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is _Ann H. Flowers_ of the county of _Dallas_ in the state of _Texas_.

3. The defendant is _USPS, John E. Potter, Postmaster General_, whose street address is _475 L'Enfant Plaza SW_
(city) _Washington_ (county) _____ (state) _DC_ (ZIP) _20260_
(Defendant's telephone number) _(202)_ – _268 - 2000_

4. The plaintiff sought employment or was employed by the defendant at (street address)
_1300 East NW Highway_ (city) _Palatine_
(county) _____ (state) _IL_ (ZIP code) _60095 - 9445_

5. The plaintiff [*check one box*]

   (a) ☐    was denied employment by the defendant.

   (b) ☐    was hired and is still employed by the defendant.

   (c) ☒    was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) *May*, (day) *25*, (year) *2007*.

**7.1**    *(Choose paragraph 7.1 or 7.2, do not complete both.)*

       (a) The defendant is not a federal governmental agency, and the plaintiff   [*check*

*one box*]   ☐ *has not*      filed a charge or charges against the defendant

                   ☐ *has*

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

    (i)    ☐   the United States Equal Employment Opportunity Commission, on or about

          (month)_____ (day)_____ (year)_____.

    (ii)    ☐   the Illinois Department of Human Rights, on or about

          (month)_____ (day)_____ (year)_____.

  (b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.   ☐ YES.    ☐ NO, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received. The

plaintiff has no reason to believe that this policy was not followed in this case.

7.2     The defendant is a federal governmental agency, and

       (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

       defendant asserting the acts of discrimination indicated in this court complaint.

☒ Yes (month) _June_ (day) _6_ (year) _2007_

☐ No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month) _August_
(day) _20_ (year) _2007_.

(c)    Attached is a copy of the

   (i) Complaint of Employment Discrimination,

   ☒ YES    ☐ NO, but a copy will be filed within 14 days.

   (ii) Final Agency Decision

   ☒ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐   the United States Equal Employment Opportunity Commission has not issued

   a *Notice of Right to Sue.*

   (b) ☐   the United States Equal Employment Opportunity Commission has issued a

   *Notice of Right to Sue*, which was received by the plaintiff on

   (month)_____ (day)_____ (year)_____ a copy of which

   *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's *[check only
those that apply]*:

   (a) ☒   Age (Age Discrimination Employment Act).

   (b) ☐   Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☒ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☒ Sex (Title VII of the Civil Rights Act of 1964)

10.  If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11.  Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12.  The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☒ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): *The Agency failed to give installation records to The*

4

*EEO reprisentative on the number of people hired after I was approved to return to work. I was employed 5 years as clerk, 8 years as a Mechanic, 11 years as an Electronic Technician.*

13. The facts supporting the plaintiff's claim of discrimination are as follows:

*Statement attached*

14. **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☒ YES   ☐ NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐   Direct the defendant to hire the plaintiff.

(b) ☒   Direct the defendant to re-employ the plaintiff.

(c) ☐   Direct the defendant to promote the plaintiff.

(d) ☐   Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☐   Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒   Direct the defendant to (specify): *re-employ me with the U.S.P.S.*

5

add the years I spent on OWCP to my years of service. Then allow me to receive regular CSRS retirement instead of disability retirement.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☒ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

Ann H. Flowers

(Plaintiff's name)

Ann H. Flowers

(Plaintiff's street address)

3223 Springleaf Drive

(City) Mesquite (State) TX (ZIP) 75181

(Plaintiff's telephone number) 469-726-0412

Date: 12/27/07

6

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DOSTRICT OF ILLINOIS
EASTERN DIVISION

Ann H. Flowers V. USPS
                    John E. Potter
                    Postmaster General

January 16, 2008

4J-600-0101-07

**Complaint of Employment Discrimination**

Question 13: The facts supporting the plaintiff's claim of discrimination are as follows.


        The United States Postal Service (USPS) employed me, Ann H. Flowers

on October 1, 1970. I was hired as a distribution clerk; I worked in that position until

June 1976. In June 1976, after passing the required maintenance tests, filing EEO

complaints, union grievances and hired attorneys regarding the various USPS

discriminatory practices in order to work in a maintenance position. After following

the same procedures, I later became an electronic technician.

On or about 1984 I filed an EEO complaint for sexual harassment within the maintenance

department. The maintenance department was a very hostile environment for me.

Continuing harassment in maintenance department led to the Office Workers Compensation

(OWCP) approving my claim for OWCP disability benefits. In a letter, dated March 20, 1998

from OWCP stated, Ms. Flowers claim was accepted by our Office for major depression

resulting from both exposures to profanity/verbal abuse and sexual harassment while working

1

at the U.S. Postal Service.  OWCP approved my claim (file number A10-0431897) October 7, 1994.  Less than one year of receiving OWCP benefits, my physiatrist, Fatima Z. Ali approved my return to work. The CA-17 (Duty Status Report form CA-17) stated I could return to work, full time with no restrictions.  I hand carried the doctor statement and a work status report signed by my treating psychiatrist to Palatine P&DC where I was employed.

The agency did not contact me at any time from September 28, 1995 to December 1995.  December 12, 1995, USPS notified me of appointments made for me to get another medical release from the postal service doctors, Dr. Obolsky and Dr. Sasha Seigal; The USPS doctor agreed with my doctor that I could return to work same post office, same position, and no restrictions.  While I was waiting to be reinstated the USPS hired men.  I learned after I received a copy of my OWCP file that the USPS and DOL, used  Form CA-110 to discuss the fact that postal service is reluctant to take me back to work on 11-1995, even after my treating doctor and two USPS doctors approved my return to work.  The DOL employee told The ICS 11/17/1995 that OWCP would have to continue paying the claimant (Ann H. Flowers) for total disability.

The USPS doctors agreed with my treating psychiatrist, and then the USPS decided I needed a job offer.  The USPS job offer #1 dated May 1, 1996 was sent to my doctor for her approval.  The first page had questions for her to answer.  My doctor and I discussed the job offer and she approved it.  My treating psychiatrist answered the questions and mailed job offer #1 back to the Injury Compensation Specialist (ICS).    The ICS called

2

and told me to report to work May 20, 1996 6:30am. I met the ICS at Palatine P&DC on May 20, 1996 and he gave me a job offer, job offer #2 with an unlawful Attachment-A. The Attachment -A did not contain the duties of the job offered; instead, it contained the forced participation in EAP and "forced release" of my personal medical records and giving access to all my medical doctors, to unspecified persons in the EAP and maintenance department. USPS job offer # 2 had the first page of job offer # 1 attached to job offer #2. Job offer #2 had different dates. After reading the fraudulent document I did not agree to accept these conditions, The ICS said I could not work if I did not accept the attachment. He told me to leave the Palatine P&DC. I left the facility. This was clearly stalling tactics by the ICS to hire more men. I talked to my claims examiner, Ann Voss the same day, I was told by Ms. Voss to accept the job but reject the attachment. I was so mentally upset at that time. Ms. Voss told me I would still receive OWCP benefits because the ICS never sent a Form CA-3 to the Department of Labor (OWCP) to discontinue my benefits. The CA-3 form is filled out by the ICS and sent to the DOL before an employee with a work related illness return to work. I returned to USPS signed job offer #2 and rejected the attachment-A. The ICS got very angry, he told me I did not sign the document the way he wanted me too. He asked me to leave the building and do not come back. I left the building. I was so disappointed and hurt I started to cry.

When I was getting my medical evaluation at the Carol Stream medical office (May 15, 1996) the Nurse, Ruby Chatham asked the ICS if he had sent the Form CA-3 to

the DOL. The ICS said he did not send the CA-3 form to DOL. That is when I knew, the ICS never intended to return me to USPS rolls. This was an act on the USPS and the ICS part to keep me from returning to the Postal Service. The USPS never intended to reinstate me.

I went to my doctor's appointment on April 28, 1997, I was extremely sick. Everything I worked on to get better was gone. All my hopes and dreams for returning to work was gone. Dr. Ali said to me, I cannot let you return to the same harassing, hostile environment. It would be medical malpractice to send you back there at this time. Dr. Ali gave me a slip of paper stating that "Ann is not ready to return to work". I took all the lies and abuse from ICS Gilbert Lopez, September 1995 to April 28, 1997. I could not take any more. I gave the doctor's note to USPS ICS and stayed home to try to get myself back on the road to recovery.

Only days after the doctor said I was not ready to return to work, ICS Gilbert Lopez, sent me a letter dated May 9, 1997 and (after my doctor said I could not return to work) job offer #3. The letter states, "This is to inform you that a job offer as we had previously discussed will not be initiated from the Postal Service the basis of this decision was due to the fact that you will be returning to the Postal Service, Palatine P&DC without any physical restrictions. The second paragraph of Mr. Lopez letter reads, "As a result of this, all that is necessary from the Postal Service is for the agency to provide the Department of Labor an OWCP form CA-3 indicating that you have returned to work. This will be

4

done by my department. This statement from the ICS proves that I was completely recovered and ready to return to work. The ICS has the responsibility to send the OWCP form CA-3 to the DOL to stop my benefits. I am not responsible for this action.

I worked very hard for the USPS. I never received any disciplinary action to my knowledge.

After April 28, 1997, I attempted to withdraw my money from the Thrift Savings account, Thrift Savings employee Vince Parenti told me I could not withdraw any money because I was not on the USPS rolls. I contacted by telephone, Ann Jones, Benefits Specialist at Carol Stream P&DC. I told Ms. Jones the Thrift Savings employee; Vince Parenti said I was no longer on the USPS rolls. Ms. Jones said Vince Parenti was wrong about me not being on the USPS rolls, that I was never removed from the USPS rolls. Ms Jones told me she would see what the problem is and fix it. I asked Mr. Jones to send me an explanation of why I could not withdraw my money from Thrift Saving. I did not get an answer from Ann Jones.

I filed and EEO complaint in September 1996, another USPS employee, Fred Parker agreed to represent me. I wanted to know why I could not withdraw my money from Thrift Savings and the status of my employment. Mr. Parker discussed this matter with Ann Jones and informed me that Ms. Jones told him a notification of Personnel Action was processed to reemploy me, however, on the same date, May18, 1996 that action was canceled by Ann Jones, in a verbal direct order from Mr. Gilbert Lopez (ICS).

5

Ms. Jones gave my representative, Mr. Fred Parker, a copy of two PS Form 50's (Notification of Personnel Action) processed for me, and both forms processed effective date, May 18, 1996. I was not notified of this action, or given the rights to appeal or challenge this action (in violation of the ELM Manuel 546 Reemployment of Employees Injured on duty). Mr. Parker told me, the actions of Ann Jones terminated me from the USPS rolls. Later I receive my money from Thrift Savings but to this day, I do not know what Ms. Jones had to do in order for me to withdraw the money. Ms Jones refused to explain the delay.

My son moved me to Texas to live with him because I was unable to take care of myself. I was mentally unable to handle anything having to do with the USPS from April 28, 1997 to I believe early 2002. It was just too painful. When the USPS failed to reemploy me, it was as if I lost my life and I had nothing to live for.

My present doctor (Sabri H. Sheikha) released to return to work again in August 2003. Dr. Sheikha has been my psychiatrist since 2001. The DOL in Texas approved this doctor for me. The DOL paid for Dr. Sheikha's services and my medication until my OWCP benefits was terminated on December 16, 2002. The DOL claimed that I failed to provide medical evidence/argument supporting continued work related residuals for my work related for April 6, 1992 illness on or after December 16, 1996. I sent the DOL documented evidence of my doctor's visits and my prescriptions profile. I still see Dr. Sheika on a regular basis and he prescribes me medication until the present time.

Because of my current financial situation, I cannot afford all the medication he prescribes at this time. I sent the return to work information from my doctor to the Office of Personnel Management in 2002. I also sent the return to work information to Palatine P&DC. It took months for the USPS to respond to the return to work information. The Manager of Personnel Services (Raymond Janicek) called me and said there were no vacancies in the Northern Illinois district at this time. Mr. Janicek said he would keep my name on file and if a job becomes available, he would return me to work. Sometime later, I received information that USPS hired more men were in the Northern Illinois district. I filed an EEO complaint 2004, the agency failed to provide any documentation to the EEO investigator with respect to the names and dates of people chosen for the positions. The agency intentional failed to develop my EEO complaint adequately that would prove men were hired after I requested reinstatement at Palatine P &DC. That would be discrimination on the part of the USPS. The agency failed to contact me about any job vacancies, during the time I was waiting for reinstatement.

Upon the present act of discrimination, the USPS terminated me from the Palatine Processing & Distribution Center, 1300 East Northwest Highway, Palatine, Illinois, after my work related Illness. I allege employment discrimination based upon: (Sex/Female) (Retaliation/ prior EEO Activity) and (Disability/ Depression and Post Traumatic Stress Disorder). The named

7

official(s) responsible for the act of discrimination were as follows: The agency USPS, Raymond Janicek, Manager, Personnel Services.

In this complaint I became aware of the act of employment discrimination on May 25, 2007, I received information that the USPS had hired more men. In a telephone conversation, Mr. Janicek and I discuss in 2004, the fact that I worked about 5 years as a mail clerk, 8 years as a mechanic and 11 years as an electronic technician. Mr. Janicek told me I would get the next available vacancy. There were vacancies but the USPS did not contact me to fill any of them. When I learned of the vacancies at Palatine P&DC where I was employed, I filed the EEO complaint in 2007.

The EEO dismissed my claim because they claimed the complaint was the same as my claim in 2004. I received copies of documents from Ms. Isabel Simmons, EEO Service Analyst attempting to explain my employment status. I am also sending documents that I received from the Office of Personnel Management (OPM), United States Postal Service (USPS) and the Department of Labor (DOL). I am trying to explain my employment status to the best of my knowledge.

I never accepted disability payments from OPM in 1994. The DOL terminated my benefits and medical treatment in a letter dated December 16, 2002. The DOL claimed I had no continuing work related residual after December 16, 1996. The

8

DOL never answered my question as to why they keep paying my medical bills and my OWCP benefits if I had no continuing work related residuals after December 16, 1996. At the time my OWCP benefits was terminated, I was not sent to any medical doctor to say if I had continuing work related illness. The DOL stated, I should contact my employing agency or OPM about employment and to continue my health and life insurance. I contacted OPM; OPM stated, I could not continue my insurance without receiving disability benefits. I never volunteered to receive Disability payments. The DOL terminated all of my benefits and OPM told me I could not get regular retirement. I needed medical insurance to pay the medical bills related to my work related illness. I also needed money for my medication. I had no choice but to accept disability payments. I am still in treatment with a psychiatrist (Dr. Sheikha).

The USPS has Rules, Regulations and Laws to follow when returning a person with a work related illness back to work. The USPS made up unlawful rules for me to follow in order for me to return to work.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
End,



**UNITED STATES POSTAL SERVICE®**

# EEO Complaint of Discrimination in the Postal Service
(See Instructions and Privacy Act Statement on Reverse)

| 1. Name | |
|---|---|
| ANN FLOWERS | |

**4a.** Mailing Address – Street or PO Box
3323 Springleaf Drive

**4b.** City State & Zip +4
Mesquite, TX 75181-2551

**5.** Email Address

**6.** Home Phone
(469) 726-0412

**7.** Work Phone
NONE

**8.** Position Title (USPS Employees Only)

**9.** Grade Level (USPS Employees Only):

**10.** Do you have Veteran's Preference Eligibility?
☐ Yes  ☒ No

**11.** Installation Where You Believe the Discrimination Occurred (Identify Installation, City, State, and Zip+4)
1300 E. Northwest Highway, Palatine P&DC Illinois and Northern IL District, Carol Stream P&D, see 2 Eligibility A/E IL 60199

**12.** Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory U.S. Postal Service
Raymond Janicek, Manager, Personnel Service
D. Robleski, Manager, Personnel Services
Gilbert Lopez, Manager, IC.

**13a.** Name of Your Designated Representative
None at this time

**13b.** Title

**13c.** Mailing Address (Street or P.O. Box)

**13d.** City, State and Zip +4

**13e.** Email Address

**13f.** Home Phone
(   )

**13g.** Work Phone
(   )

**14.** Type of Discrimination You Are Alleging
☒ Race (Specify): African-American
☐ Color (Specify):
☐ Religion (Specify):
☐ National Origin (Specify):
☒ Sex (Specify): Female
☒ Age (40+) (Specify): 1-10-42
☒ Retaliation (Specify): Past EEO Activity
☒ Disability (Specify): MDD & PSTD

**15.** Date on which alleged act(s) of Discrimination Took Place
Received information
5-25-07

**16** Explain the specific action(s) or situation(s) that resulted in you alleging that you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R.S 1614.106(d)

On May 25, 2007, I received information that the United States Postal Service (agency) never stopped hiring men in maintenance from the time I tried to be reinstated on 8-29-1995 until the present time. I was informed that some men was hired in maintenance from outside the agency, sent to the postal training center and then promoted to electronic technicians. The agency never restored, reemployed, or restated me after I was approved for Workers' Compensation benefits (10/07/94) until the present time. Therefore, I can never have the years I spent on workers compensation added to my years of service or receive my retirement under the Civil Service Retirement System.  (Continue)

**17.** What Remedy Are You Seeking to Resolve this Complaint?

To be returned to work, years on OWCP be added to my years of service with USPS, to be able to receive full retirement (CSRS). Attorney's fees, Expert witness fees, Compensatory damages, medical payment for present and future for Major Depression Disorder and Post-traumatic Stress Disorder. To be made whole for all losses of wages and benefits.

**18.** Did You Discuss Your Complaint with a Dispute Resolution Specialist or a REDRESS™ mediator?
☒ Yes  8-10-07
(Date You Received the Notice of Final Interview)
☐ No

**9a.** Signature of Dispute Resolution Specialist

**0.** Signature of Complainant or Complainant's Attorney
Ann D. Flowers

**19b.** Date

**21.** Date of this Complaint
8/7/07
8/12/07

Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

Form 2565, March 2001 (page 1 of 2)

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

On May 25, 2007, I received information that the United States Postal Service (USPS or agency) never stopped hiring men in maintenance (in my commuting area and outside my commuting area) from the time I tried to be reinstated on 8-29-1995 until the present time.  I received information that men was hired in maintenance this year (2007) from outside the agency, then sent to the postal training center and promoted to electronic technician, in my commuting area and in other offices in the Northern Illinois District. One man failed the class and was sent for training a second time by the USPS I am told.  I requested this information from the Manager, Personnel Services but I have not received a reply at this time.  **The agency never restored, reemployed, or restated me after the Office of Workers' Compensation (OWCP) approved my benefits (10/07/94) until the present time.**
"The agency is required to restore the employee unless he or she was separated because of reduction in force, for cause, or for other reasons unrelated to the injury." Richard J. Ruppert v. U. S. Postal Service, Docket No. CH03538010182 (November 4, 1981).  I never received a below average performance appraisal that I am aware of, and never received any type of disciplinary action for any type of misconduct that would disqualify me from restoration.
5 C.F.R. 353.301 (a) states that an individual who has fully recovered from a compensable injury within one year of the date compensation began are entitled to immediate and unconditional restoration to his/her former position or an equivalent one.   I have retention rights under 5 USC 8151. The Employee Labor Relation Manuel 546 to 546.122 clearly states <u>below</u> how to reassign or reemploy employees injured on duty.

## 546 Reassignment or Reemployment of Employees Injured on Duty

### 546.1 Law

**546.11 General** - The Postal Service has legal responsibilities to employees with job-related disabilities under 5 U.S.C. 8151 and the OPM regulations as outlined below.

(An employee do not have to wait for a job offer at this time, I was still on the USPS rolls.)

1

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

## 546.12 Disability Fully Overcome Within One Year

**546.121 Obligation**  A current or former career employee who fully recovers from an injury or disability within 1 year of initial or recurrent compensation _must_ be given the right to resume employment in the former or equivalent position.

**546.122 Rights and Benefits** Upon reemployment, all rights and benefits that would have been acquired in the former position _must_ be restored.

Therefore, I can never have the years I spent on workers compensation added to my years of service or receive my retirement under the Civil Service Retirement System.  The USPS and officials violated my rights under Title VII of the Civil Rights act of 1964 as amended.  The USPS also violated my rights under the Laws, Rules and Regulations of the Civil Service Retirement System (CSRS), Office of Personnel Management (OPM), Federal Employee Compensation Act (FECA) and USPS.

The United State Postal Service employed me for twenty-four (24) years at the time the Office of Workers' Compensation approved my claim.  The Department of Labor quotes "Ms. Flowers claim was accepted by our office for major depression resulting from profanity, verbal abuse and sexual harassment while working at the U.S. Postal Service." I worked as a clerk for about five (5) years, a mail processing equipment mechanic eight (8) years and eleven (11) years as an electronic technician at Palatine P&DC, 1300 East Northwest Highway, Palatine, Illinois, 60099 and the Northern Illinois District, Carol Stream P&DC 500 E Fullerton Avenue, Carol Stream, Illinois.  The agency never offered me any other position of employment in any U.S. Postal Facility.

I passed two tests required by the maintenance department to get a maintenance position.  I passed the Electronic Technician (ET) test first, I was told by maintenance management I needed to pass the mechanics test (MPE) first to work in the department.  I took the mechanic test and passed that test.  Maintenance managers still refused to transfer me in that department.  After filing many EEO complaints, hiring attorneys and filing

2

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

Union grievances I was finally detailed to that department in June 1976. I
was the first and only female to work in the maintenance department, at that
time the facility name was North Suburban Facility. I believe Palatine
P&DC my former employer is a female free workplace today. It was made
very clear to me on my first day to the last day in maintenance that I was not
welcome there. I hired attorneys for promotions, and the harassment in the
maintenance department documented by the U.S. Postal Inspection Service.

Less than one (1) year after receiving OWCP benefits my treating
psychiatrist (Dr. F. Z. Ali) sent a letter dated 8/22/95 and a duty status form
CA-17 to Palatine P&DC Injury Compensation Office. My doctor released
me to return to work without restrictions. I took the information to Palatine
P&DC on August 29, 1995. I did not receive any response from the Injury
Compensation Specialist, Gilbert Lopez; I called and ask him when I would
be reinstated. Mr. Lopez stated he would let me know.
 "I called Gilbert Lopez, the injury compensation specialist, many times
between September 22, 1995 and December 1995 inquiring about getting
back to work."

The Agency sent Dr. Ali a letter with questions dated May 1, 1996 and job
offer #1 dated May 2, 1996 for her approval. Dr. Ali approved the job offer
#1 and mailed it to the Agency ICS, Gilbert Lopez. Dr. Ali gave me a copy
of the job offer, the title which started, "Conditions of your return to work
are as follows" (on page 3) Attachment A. 1. You must remain in psychiatric
and psychological treatment. 2. You must continue your psychotherapy for
six (6) months after returning to work.) 3. Enroll in EAP Program for
monitoring of your medical status. (I am still seeing a psychiatrist to the
present time.)  The only thing I disagreed with was that the pay was
incorrect. Dr. Ali stated this on the letter with questions that she returned to
ICS  The doctor statement dated 9-22-95 states that I would be seeing Dr.
Ali once a month and Ray Isenburg, therapist once every 3 weeks. I had no
problem with enrolling in the EAP program or any part that my doctor
approved. The EAP program is a voluntary program

I called the ICS Office on May 14, 1996, the ICS asked me to report to duty
on May 20, 1996 at 7:00 am. A physical examination by the Agency was set
up for May 15, 1996. The Agency contract doctor Shashi Saigel, who gave

3

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

me the physical, stated I could return to work, same job, without restrictions.
My treating physician, Fatima Z. Ali M.D. and the postal service contract
doctor, Shashi Saigel M.D., both agreed that I could return to work full time,
in same job, without restrictions. The agency ignored the medical opinion of
both doctors and refused to return me to work.
I did not get a job offer from Mr. Lopez before May 20, 1996, I wrote letters
to agency departments thanking each of them for returning me to work.

On May 20, 1996 at 7:00 AM, I meet Gilbert Lopez in the Palatine ICS
office, Mr. Lopez gave me job offer #2 the first page dated May 3, 1996, it
was **not** the same document approved by my doctor. The job offer #2, I
received My 20, 1996 had added much more to the attachment than to
participate in EAP. Someone put a copy of the questions from job offer #1
on job offer #2.  Job offer #2 is a fraudulent document. This document stated
I had to give unspecified managers, medical unit employees and
maintenance employee's access to all of my medical doctors and medical
records. **The USPS was clearly in violation of the Privacy Act by making
this request of me.** In the U. S. Postal Service Management Instruction
Booklet EL-860-98-2 (attachment A), this is clearly defined on the first
page.  On page, six of this booklet management positions that are eligible to
review, retain or request such records are made especially explicit.  Absent
credible explanation, it would appear that my Privacy Rights were violated
with illegal motivation.  They Agency claim I refused a job offer.  I accepted
the job offer but did not agree to give my medical information to unspecified
employees of the Postal Service.  I accepted and signed the job offer, but
giving my medical information to unspecified Agency employees are not the
duties of a USPS employee. I did not accept that part of the attachment. **The
ICS, Gilbert Lopez refused to let me work.** My Claims Examiner at
OWCP arranged for me to return to work on May 23, 1996 and advised me
how to sign the document. I called OPM to make sure I could sign the
document the way OWCP had advised me to do. OPM agreed with OWCP
on how to sign the document.  When I reported to work on May 23, I signed
the document, but the **Agency ICS again, refused to allow me to work.**
Mr. Lopez stated in a grievance that I was not returned to work because of
past medical conditions and I was still receiving OWCP benefits. My past
medical condition had nothing to do with my being returned to work.  The
agency never reinstated me, therefore no OWCP form CA-3 was sent to

4

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

terminate my benefits, which are why I continued to receive benefits (see job offer #3). I attempted several times to exercise my right to any position restoration as in regulation 5 U.S.C. 8151 (b) (1) (2) with no success. After numerous attempts at reinstatement failed, the frustration and unremitting anxiety of these failures along with a significant income decline aggravated my at that time inactive and stable disorder. On April 28, 1997, I went to a schedule appointment with my treating psychiatrist Dr. Ali. When Dr. Ali saw my medical condition at that time, she decided that she could not send me back to work. Twelve days after Dr. Ali sent the USPS a statement that I could not return to work, ICS Gilbert Lopez sent me a letter dated May 9, 1997 and job offer #3. The letter stated, "this letter is to inform you that a job offer as we had previously discussed will not be initiated from the Postal Service The basis of this decision was due to the fact that you will be returning to the Postal Service, Palatine P&DC without any physical restrictions. As a result of this, all that is necessary from the postal service is for the agency to provide the Department of labor (DOL) and OWCP a form CA-3 indicating that you have returned to work. This will be done by my department". **Mr. Lopez suddenly realized only after my doctor said I could not return to work that I did not have any restrictions.** When the agency reinstate an employee with a work related illness and receiving OWCP benefits, to their former position or an equivalent position, a form CA-3 (filled out by the ICS) lets the DOL know that a person has returned to duty. When that document is received by the DOL, they will know to terminate the employees OWCP benefits or make adjustments as needed. Because of my illness, I was mentally unable to deal with anything about the USPS from late 1997 to early 2003.
On December 16, 2002, OWCP terminated all my benefits including medication. A letter from the DOL, OWCP informed me I had thirty days (30) to request restoration. On December 30, 2002, my present treating psychiatrist, Dr. Sabri H. Sheikha, wrote a letter to OWCP stating that I was not able to return to work at this time. I was still seeing the doctor for major depression and post-traumatic stress disorder. It was hard for me to cope without my medication. I talked to the claims examiner, Sheila Valez-Cuevas in December 2002; I told Mr. Valez-Cuevas that I wanted to return to work. Mr. Valez-Cuevas told he would send the necessary paper work to the Office of Personnel (OPM) and the USPS for restoration and medical insurance. OPM reinstated my medical insurance but the USPS never

5

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

returned me to work. I wrote a letter to OPM for the status of my restoration but received no reply.

**On August 5, 2003, Dr. Sabri H. Sheikha released me to return to work.** At that, time I had filed a timely appeal on the fact that the DOL decision to terminated my benefits and medication. The person handling my appeal was Dannie Smith. Ms. Smith worked at the Branch of Hearing and Review in Washington, D.C., in a letter dated August 6, 2003 I sent a copy of my statement and duty status report to her because I was told my OWCP files was in Washington. Ms. Smith called and advised me to send copies of my medical information to OPM. On August 15, 2003, I sent the same information to OPM but received no response from OPM. From August 5, 2003 to September 3, 2003, I was trying to find out what to do about returning to work, I called OPM again about the status of my return to work, and I was told to take the CA-17 and the doctor statement to Palatine P&DC. On September 3, 2003, I faxed the form CA-17 and the doctors' statement to the medical unit at Palatine P&DC; this is the office I was last employed. I called the nurse at Palatine P&DC (Chris Hoffman) and ask her to give the medical Information to the agency ICS. Ms. Hoffman told me that it was given to the agency ICS. From August 6, 2003, to November 2003, I wrote letters and sent my duty status information to Mr. Al Brenza, (DOL) and USPS officials Mr. Ron Woodall, Palatine P&DC Manager, Mr. William Simmons, manager of Human Resources, Ms. Ruth Burns, Human Resource Specialist and Gilbert Lopez, Manager of Injury Compensation.

I received a reply from only Ms. Byrne stating that I should contact Mr. Simmons about reinstatement. I wrote another letter to Mr. Simmons asking to be reinstated but received no reply. In November 2003, Mr. Raymond Janicek Manager, Personnel Services contacted me by telephone and told me the agency would reinstate me as soon as an electronic technician (ET) position becomes available. In our conversation, I told Mr. Janicek the agency could reinstate me to whatever jobs that are available at the time and when a position for an ET becomes available, I could be transferred to that position. I told Mr. Janicek that I worked eight (8) years as a Mail Processing Equipment Mechanic and five (5) years as a mail Clerk. The Postal Service Manuel states that I could be reinstated in a lower level job. I also asked Mr. Janicek if he would consider finding me a job in any agencies out of my commuting area. Mr. Janicek said he would find a position for me

6

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

however, he never did.   I talked to Mr. Robert Miles, president of the American Postal Workers Union on the same day.   Mr. Miles said the agency had been never stop hiring ET and MPE in my commuting area and in nearby post offices.  He gave me the names and dates of some of the men the agency hired.

In an affidavit to the EEO department, Mr. Janicek manager, personnel services claimed in 2004 that the only way I could return to work was if the USPS had a need to hire employees from outside the USPS.

In 2006, I requested a copy of my case files from the DOL.  When I received my files, from the dates on the documents I could see that the USPS sent my medical documents after DOL terminated my benefits.

No one should have to go through the pain and suffering that the USPS has put on me.

**1. The USPS failed to restore me to employment following my recovery from a compensable injury/illness within a year.**

**2.    The USPS denied me my restoration rights because of the employment of another person when I am entitle to priority employment consideration after my recovery from a compensable injury.**

**3.  The Agency made no effort to restore/reinstate/or reemploy me to any position with any post office to the present time.**

Case No. 4J-600-0107-07  Continued PS Form 2565 (16)
August 12, 2007

however, he never did.  I talked to Mr. Robert Miles, president of the
American Postal Workers Union on the same day.  Mr. Miles said the
agency had been never stop hiring ET and MPE in my commuting area and
in nearby post offices.  He gave me the names and dates of some of the men
the agency hired.

In an affidavit to the EEO department, Mr. Janicek manager, personnel
services claimed in 2004 that the only way I could return to work was if the
USPS had a need to hire employees from outside the USPS.

In 2006, I requested a copy of my case files from the DOL.  When I received
my files, from the dates on the documents I could see that the USPS sent my
medical documents after DOL terminated my benefits.

No one should have to go through the pain and suffering that the USPS has
put on me.

**1. The USPS failed to restore me to employment following my recovery
from a compensable injury/illness within a year.**

**2.    The USPS denied me my restoration rights because of the
employment of another person when I am entitle to priority
employment consideration after my recovery from a compensable
injury.**

**3. The Agency made no effort to restore/reinstate/or reemploy me to
any position with any post office to the present time.**



**UNITED STATES**
**POSTAL SERVICE**®

**Notice of Right to File Individual Complaint**

| TO: Name (First, MI, Last) | Re: Case No. |
|---|---|
| **ANN FLOWERS** | **4J-800-0107-07** |

This notice will attest to the fact that on _____**August 7, 2007**_____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with **PS Form 2565, EEO Complaint of Discrimination in the Postal Service,** for this purpose. The complaint must be delivered to

NEEOISO - FORMAL COMPLAINTS
US POSTAL SERVICE
PO BOX 25438
TAMPA FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g. race – African American, sex – female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by The Equal Employment Opportunity Act of 1972; 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent in a legal proceeding to which US USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations,

Contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *[signature]* | 08/07/2007 | *[signature]* Ann H. Flowers | 8/10/07 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2003


**UNITED STATES POSTAL SERVICE**

# Notice of Right to File Individual Complaint

| TO: Name (First, MI, Last) | Re: Case No. |
|---|---|
| **ANN FLOWERS** | **4J-600-0107-07** |

This notice will attest to the fact that on _____ **August 7, 2007** _____, I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you received this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retain one to represent you. I am providing you with PS Form 2565, *EEO Complaint of Discrimination in the Postal Service*, for this purpose. The complaint must be delivered to:

> NEEO/SO - FORMAL COMPLAINTS
> US POSTAL SERVICE
> PO BOX 25438
> TAMPA FL 33622-5438

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

- If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;

(3) The specific type of discrimination alleged, e.g. race – African American, sex - female, etc.;

- If you allege disability discrimination, the alleged disability must be more than a temporary condition.
- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
- If you allege retaliation, you must show a connection between the action at issue in the complaint your are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) The name of the EEO Dispute Resolution Specialist who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

Privacy Act Notice. The collection of this information is authorized by The Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes, where pertinent in a legal proceeding to which is USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearance, security or suitability investigations,

contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

| Signature of Dispute Resolution Specialist | Date | Your Signature | Date Received |
|---|---|---|---|
| *[signature]* | **08/07/2007** | *Ann Flowers* | **8-10-07** |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested*

PS Form 2579-A, March 2001

National EEO Investigative Services Office



*UNITED STATES*
*POSTAL SERVICE*

**UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY
IN THE MATTER OF:**

Ann Flowers
3223 Springleaf Drive
Mesquite, TX 75181-2551
Complainant,

Delivery Confirmation Complainant:
0307 0020 0005 2183 7370

v.

JOHN E. POTTER
Postmaster General
United States Postal Service
Great Lakes Area
Agency.

Agency Case No. 4J-600-0101-07

Date Filed Formal: August 20, 2007

*DISMISSAL OF FORMAL EEO COMPLAINT*

This is the Postal Service's final decision on the above-cited discrimination complaint.

The complainant alleged discrimination based on Race (African-American), Sex (Female), Age (DOB: 1/10/1942), Retaliation (for prior EEO activity) and Mental Disability.(Depression/PTSD), when: On or about May 25, 2007, Complainant received information that the agency never stopped hiring males in the maintenance department despite Complainant's attempt to be reinstated.

Chronology

Complainant was a former Electronic Technician with the agency. The record reflects that complainant requested pre-complaint processing on June 4, 2007, and was issued a Notice of Right to File an Individual Complaint of Discrimination (PS Form 2579-A) on August 10, 2007. Subsequently, on August 20, 2007, complainant filed a formal complaint of discrimination with the agency.

Analysis and Conclusion

EEOC Regulations 29 C.F.R. 1613.215(a)(1) provides, in pertinent part, that an agency shall reject a complaint of discrimination which "states the same claim that is pending before or has been decided previously by the agency." The Commission has held "that a complainant must set forth the identical matters as contained in a previous complaint

filed. *See Russel v. Department of the Army*, EEOC Request No. 05910613 (August 1, 1991).

It is noted that the incident described in the instant complaint is identical to the previous complaint in Case No. 1J-602-0021-04. Case No. 1J-602-0021-04 was filed on March 12, 2004, and the accepted issue in that case was:

> *Complaint alleged discrimination based on Race/Color (African-American/Black), Sex (Female), Age (DOB: 1/10/1942), disability (major depression), and Retaliation (for prior EEO activity) in that since August 5, 2003, and continuing the Postal Service has been hiring male Electronic Technicians, yet your attempts to be reinstated have been futile.*

The allegation in the instant complaint is identical in the previous complaint in Case No. 1J-602-0021-04. The record evidence reflects that the previous complaint in Case No. 1J-602-0021-04 was closed by the issuance of a Final Agency Decision dated November 3, 2004. The decision contained the applicable appeal rights, however there is no record of Complainant pursuing an appeal on the matter.

EEOC Regulations 29 C.F.R. 1613.215(a)(1) provides, in pertinent part, that an agency shall reject a complaint of discrimination which "states the same claim that is pending before or has been decided previously by the agency." The Commission has held "that a complainant must set forth the identical matters as contained in a previous complaint filed. *See Russel v. Department of the Army*, EEOC Request No. 05910613 (August 1, 1991).

In actuality Complainant has attempted to resurrect her previous complaint stemming from the same matter of the agency hiring electronic technicians yet not reinstating complainant. The Commission has held that the discovery of new comparisons or arguing a different theory of law does not create a new claim. *See Donald Doleshal v. Tommy G. Thompson, Secretary, Department of Health and Human Services*, EEOC Appeal No. 01A40020 (July 29, 2004); *John Wagner v. United States Postal Service*, EEOC Appeal No. 01A22766 (July 23, 2002).

Therefore, Complainant's complaint alleging discrimination as cited above is now **dismissed** as failing to state a claim in accordance with 29 C.F.R. 1614.107(a)(1).

## Appeal to the Equal Employment Opportunity Commission

If you are dissatisfied with this decision you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of the Agency's final action, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of this action. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, DC 20036-0848, or by personal delivery to 1801 L Street NW 5th Floor, Washington, DC 20507, or facsimile to (202) 663-7022. The complainant should use EEOC Form 3573, Notice of Appeal/Petition, (attached to the agency's

2

decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office: National EEO Investigative Services Office, P.O. Box 21979, Tampa, FL 33622-1979. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a notice of final action on your appeal.

Right to file a civil action

In lieu of filing an appeal with the Equal Employment Opportunity Commission, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned **Ann Flowers vs. John E. Potter, Postmaster General, U.S. Postal Service**. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

Isabel Simmons
EEO Services Analyst

_____September 4, 2007_____
Date

Attachment:
1. Certificate of Service
2. EEOC Form 573, "Notice of Appeal/Petition"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C. 20036**


Ann H. Flowers,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.


Appeal No. 0120074005

Agency No. 4J600010107


<u>DECISION</u>

Complainant filed a timely appeal with this Commission from the agency's decision dated September 4, 2007, dismissing her complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*  Upon review, the Commission finds that complainant's complaint was properly dismissed pursuant to 29 C.F.R. § 1614.107(a)(1) for stating the same claim that was decided by the agency.[1]  In a complaint dated August 20, 2007, complainant alleged that she was subjected to discrimination on the bases of race (African-American), sex (female), disability (Depression/PTSD), age (D.O.B. 01/10/42), and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when she learned the agency was continuing to hire males in the maintenance department.

The Commission finds that the instant complaint is identical to an earlier complaint, 1-J-602-0021-04. Therein the agency issued a decision on the merits of the matter and gave complainant appeal rights to the Commission. Instead of appealing the matter to the Commission, complainant chose to appeal to the Merit Systems Protection Board.[2]

---

[1] The Commission notes that the agency's decision cites to 29 C.F.R. § 1613, which has been replaced by 29 C.F.R. § 1614.

[2] Based on information in complainant's appeal, it appears she thought she was entitled to priority consideration with respect to restoration rights after her on the job injury, and which she thought would be addressed under the jurisdiction of the MSPB.

2                              0120074005

Complainant then filed in the U.S. Court of Appeals. Because she pursued the matter in court, the Commission declined to address a petition for review of the MSPB decision that she filed with the Commission. In any event, complainant apparently then filed the instant complaint which covers the same issues as those raised in her earlier complaint. The agency's decision is affirmed.

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or

3                                        0120074005

do so may result in the dismissal of your case in court. "Agency" or "department" means the
national organization, and not the local office, facility or department in which you work. If you
file a request to reconsider and also file a civil action, filing a civil action will terminate the
administrative processing of your complaint.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an
attorney, you may request that the Court appoint an attorney to represent you and that the
Court permit you to file the action without payment of fees, costs, or other security. *See* Title
VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation
Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is
within the sole discretion of the Court. Filing a request for an attorney does not extend your
time in which to file a civil action. Both the request and the civil action must be filed within
the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

DEC 0 4 2007

Date

3

4                                    0120074005

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Ann H. Flowers
3223 Springleaf Dr
Mesquite, TX  75181

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979


DEC 0 4 2007
_____
Date


_____
Equal Opportunity Assistant

4