4-19-2008

Ann Flowers

Case # 08 CV 552

APR 2 3 2008

F I L E D

APR 2 3 2008CM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

**MAY   3 2007**

Ann H. Flowers
3223 Springleaf Dr
Mesquite, TX 75181

> Re:        *Flowers v. United States Postal Service*
> EEOC Petition No.   0220070040
> Agency Case No.    CH-0353-05-0114-I-1

Dear Ms. Flowers:

This is in reference to correspondence which the Office of Federal Operations received on December 11, 2006. Upon further evaluation, it appears that you have filed with the Office of Federal Operations a petition regarding a determination by the U.S. Court of Appeals for the Federal Circuit, not on the Final Order of the Merit Systems Protection Board issued on January 6, 2006. Your correspondence was erroneously docketed as a petition for review for there is no such petition available. Therefore, the record listed under the above referenced docket number is being closed.

FOR THE COMMISSION:

*Carlton M. Hadden*

------------------------------------
Carlton M. Hadden, Director
Office of Federal Operations

2                                                  0329070040

# CERTIFICATE OF MAILING

I certify that this letter was mailed to the following recipients on the date below:

Ann H. Flowers
3223 Springleaf Dr
Mesquite, TX  75181

U.S. Postal Service (Great Lakes)
NEEOISO - Appeals
U.S. Postal Service
PO Box 21979
Tampa, FL  33622-1979

**MAY  3 2007**
_____
Date


_____
Equal Opportunity Assistant

# United States Court of Appeals for the Federal Circuit

08-3152

ANN H. FLOWERS,

Petitioner,

v.

## MERIT SYSTEMS PROTECTION BOARD,

Respondent.

## JUDGMENT

ON APPEAL from the    Merit Systems Protection Board

IN CASE NO(S):    CH-0353-05-0114-I-1

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED

AFFIRMED

ENTERED BY ORDER OF THE COURT

SEP 1 3 2006
_____
Date .

Jan Horbaly, Clerk

ISSUED AS A MANDATE:    NOV 2 2 2006

2006-3152

United States Court of Appeals for the Federal Circuit

ANN H. FLOWERS

Petitioner,

vs.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

---

## Petition for Panel Rehearing

---

Petitioner Ann H. Flowers' Petition for Panel Rehearing

> Cynthia Hollingsworth
> Texas State Bar No. 09879500
> Lisa L. Honey
> Texas State Bar No. 2003038
> Gardere Wynne Sewell
> 1601 Elm Street, Suite 3000
> Dallas, TX 75201
> 214-999-3000
> 214-999-4667
>
> Counsel for Petitioner
>
> October 27, 2006

## CERTIFICATE OF INTEREST

1.  **The full name of every party or amicus represented in the case by the attorney.**

    Ann H. Flowers

2.  **The name of the real part in interest if the party named is the caption is not the real part in interest.**

    Not applicable.

3.  **The corporate disclosure statement prescribed in Federal Rule of Appellate Procedure 26.1.**

    Not applicable.

4.  **The names of all law firms and the partners and associates that have appeared for the party in the lower tribunal or are expected to appear for the party in this court.**

    Cynthia Hollingsworth
    Lisa Honey
    Gardere Wynne Sewell, LLP,
    1601 Elm Street, Suite 3000
    Dallas, TX  75201.

# TABLE OF CONTENTS

**POINTS OF LAW OVERLOOKED OR MISAPPREHENDED BY THE COURT** ..............1

A.    The Merit Systems Protection Board ("MSPB") incorrectly applied 5 C.F.R. 353.301. Ms. Flowers was not fully recovered when her benefits were terminated because her benefits were not terminated on the basis that she was able to perform all the duties of the position she left or an equivalent one. ..................................................1

B.    In the alternative, Section 353.302 should not be strictly applied to Ms. Flowers because she acted without delay and was a pro se defendant operating under the crippling condition of major depression disorder. ...............................................................1

**ARGUMENT** ...................................................................................................................................2

A.    The MSPB incorrectly applied 5 C.F.R. 353.301(b). ...........................................................2

B.    In the alternative, Section 353.302 should not be strictly applied to Ms. Flowers because she acted without delay and was a pro se defendant operating under the crippling condition of major depression disorder. ...............................................................3

**PROOF OF SERVICE** ....................................................................................................................6

**ADDENDUM** ...................................................................................................................................7

## POINTS OF LAW OR FACT OVERLOOKED
## OR MISAPPREHENDED BY THE COURT

A. The Merit Systems Protection Board ("MSPB") incorrectly applied 5 C.F.R. 353.301. Ms. Flowers was not fully recovered when her benefits were terminated because her benefits were not terminated on the basis that she was able to perform all the duties of the position she left or an equivalent one.

B. In the alternative, Section 353.302 should not be strictly applied to Ms. Flowers because she acted without delay and was a pro se defendant operating under the crippling condition of major depression disorder.

# ARGUMENT

A.    <u>The MSPB incorrectly applied 5 C.F.R. 353.301(b).</u>

Ms. Flowers was not fully recovered when her benefits were terminated; therefore, the Court misapplied section 353.301(b). Section 353.301(b) provides that an employee whose *full recovery* takes longer than a year is entitled to priority consideration for restoration to his or her position or an equivalent one provided he or she applies for reappointment within 30 days of the cessation of compensation. "Fully recovered" means "compensation payments have been terminated on the basis that the employee *is able to perform all the duties of the position he or she left* or an equivalent one." 5 C.F.R. § 353.102(1). The reason Ms. Flowers' compensation payments were terminated was not because she was able to perform all the duties of the position she left. Instead, the Notice of Decision issued by the Office of Workers' Compensation Programs ("OWCP") states that her benefits were discontinue because Ms. Flowers "failed to provide medical evidence/argument supporting continued work related residuals of her April 6, 1992 injury on or after December 16, 1996." (Opinion at 2 quoting the OWCP's Notice of Decision). Thus, because Ms. Flowers' benefits were not terminated in a way in which she meets the definition of "fully recovered" under section 353.102(2), her time period to request restoration did not begin to run on December 16, 2002.

2

Instead, Ms. Flowers was released to return to work by her doctor on August 5, 2003 (Opinion at 2). She requested restoration twenty-nine (29) days later on September 3, 2003 (Petitioner's Reply to MSPB Informal Brief ("Reply") at 4). As a result, Ms. Flowers' request was timely, and the MSPB erroneously dismissed her appeal.

B.    In the alternative, Section 353.302 should not be strictly applied to Ms. Flowers because she acted without delay and was a pro se defendant operating under the crippling condition of major depression disorder.

As noted by this Court in its decision of September 13, 2006, the OWCP accepted Ms. Flowers' claim that she suffered from major depression (Opinion at 1). This Court also noted that, while the OWCP discontinued her benefits on December 16, 2002, Ms. Flowers' doctor did not approve her return to work until August 5, 2003 (Opinion at 2) Within thirty (30) days of the release to work provided by her doctor, Ms. Flowers requested that she be reinstated with the Postal Service (Opinion at 3 and Reply at 4). Certainly Ms. Flowers did not act in bad faith and did not sit on her rights. Instead, because her doctor had not released her to work, she filed a timely appeal for continuation of compensation (Reply at 4). It stands to reason that Ms. Flowers would not request to be restored to work within 30 days of the date her benefits were terminated when, at the time, her doctor had not released her to work.

3

Moreover, while section 353.301 provides that an employee whose recovery takes longer than one year must request restoration within 30 days of cessation of compensation, section 330.201 allows for a longer period of time for competitive service employees. Although Ms. Flowers was a postal service employee and arguably not a competitive service employee, the time period in section 330.202 should be applied to Ms. Flowers' case.

> An eligible employee under §330.204 must request reemployment within 30 calendar days after the date compensation ceases, except that when an appeal for continuation of compensation is filed, the 30-day period begins the day after resolution is reached.

5 C.F.R. § 330.202(a)(2). This section should be applied to Ms. Flowers' case because it provides the equitable and fair time period to employees who appeal the termination of benefits in a timely fashion. Additionally, at the time she began employment with the Postal Service, Ms. Flowers was a competitive service employee.[1]

Moreover, an exception to the 30-day requirement under section 353.301 should be applied based on the circumstances of this case. By way of example, the MSBP may waive time limitations when an appellant shows that delay was "excusable under circumstances where diligence or ordinary prudence has been exercised." *Rodney Ott v. Environmental Protection Agency*, 14 MSRP 158 (1982)

---

[1] Ms. Flowers worked for the United States Postal Service beginning in 1970. (EEO Final Agency Decision at 5 (RA-29). Prior to July 1, 1971, Post Office positions were in the competitive service. (See United State Federal Government website, http://usajobs.gov/E129.asp).

(waiving appeal deadline where the court found that the appellant, who was removed from his position and failed to timely file an appeal, may not have understood the significance or terms of the deadline requirement). Here, Ms. Flowers' delay in seeking restoration to work was excusable because her doctor had not released her to work. She was diligent and exercised prudence by appealing the decision to terminate her benefits and promptly sought restoration within 29 days of her doctor's release to work. Based on these facts, the Court should waive the 30-day limitations period and rule that the MSPB has jurisdiction to hear Ms. Flowers' claims.

Respectfully submitted by:

Cynthia Hollingsworth
Texas State Bar No. 09879500
Lisa L. Honey
Texas State Bar No. 2003038
Gardere Wynne Sewell
1601 Elm Street, Suite 3000
Dallas, TX 75201
214-999-3000
214-999-4667

Counsel for Petitioner

## PROOF OF SERVICE

I certify that two copies of this document were served by mailing them to the following by first class mail on October 26, 2006:

Ward Griffin
Calvin Morrow
Office of the General Counsel
Merit Systems Protection Board
1615 M. Street, NW
Washington, DC  20419-0002

Lisa L. Honey

# ADDENDUM

DALLAS 1714583v1

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3152

ANN H. FLOWERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

---

DECIDED: September 13, 2006

---

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) dismissed for lack of jurisdiction the appeal of Ann H. Flowers against the United States Postal Service for denying her request for restoration following a compensable injury. Flowers v. U.S. Postal Serv., MSPB Docket No. Ch-0353-05-0114-I-1. Finding no reversible error, this court affirms.

I

On October 7, 1994, the Office of Workers Compensation Programs (OWCP) accepted Ms. Flowers' claim that she suffered from major depression. The claim identified April 6, 1992 as the date of the injury. On September 28, 1995, her physician advised that she was able to return to work. On May 3, 1996 the Postal Service offered Ms. Flowers reinstatement subject to her commitment to enroll in an Employee

Assistance Program and other conditions. Ms. Flowers rejected the offer and filed an equal employment opportunity (EEO) grievance protesting the conditions. The EEO grievance was rejected. Ms. Flowers, nonetheless, continued to receive compensation benefits.

On December 16, 2002, the OWCP discontinued benefits because Ms. Flowers had "failed to provide medical evidence/argument supporting continued work related residuals of her April 6, 1992 injury on or after December 16, 1996." On August 5, 2003 Ms. Flowers' doctor approved her return to work and in September 2003 Ms. Flowers requested reinstatement. After corresponding with the Postal Service regarding its failure to reinstate her, Ms. Flowers filed another grievance with the EEO on November 10, 2003. The agency denied this claim as well.

II

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Ms. Flowers has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993).

A separated employee's rights to reinstatement after a compensable injury depends on the recovery of the injured or disabled employee. An employee who fully recovers from a compensable injury within one year from the date of eligibility for compensation is entitled to immediate and unconditional restoration to the former position or an equivalent. 5 C.F.R. § 353.301(a)(2005). However, an employee who

separated because of a compensable injury and whose full recovery takes longer than one year from the date eligibility for compensation receives priority consideration, agencywide, for restoration to the position he or she left or an equivalent <u>provided he or she applies for reappointment within thirty days of the cessation of compensation</u>. 5 C.F.R. § 5 CFR 353.301(b)(2005)(emphasis added). An employee is fully recovered when compensation payments have been terminated on the basis that the employee is able to perform all the duties of the vacated position. 5 C.F.R. § 353.102(b).

Ms. Flowers argues § 353.301(a) applies because she indicated she was able to go back to work on September 28, 1995, within one year of the OWCP accepting her disability claim. As noted by the Board, however, § 353.301(a) only applies if the employee is fully recovered. That is, "when compensation payments have been terminated." § 353.102(b). Ms. Flowers continued to collect compensation benefits until December 16, 2002, some ten years after the April 6, 1992 compensable injury date. Therefore, § 301(a) cannot apply.

Regarding the possibility of reinstatement under § 353.301(b), the critical date to request reinstatement is January 15, 2003, thirty days after the discontinuation of OWCP benefits. Ms. Flowers, however, did not request reinstatement until September of 2003, some ten months after the critical date. Thus, she is not eligible reinstatement under § 353.301(b).

As a result, as the Board found, Ms. Flowers is not eligible for reinstatement under either § 353.301(a) or § 353.301(b). Therefore, this court affirms the Board's decision.

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3152

ANN H. FLOWERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

DECIDED: September 13, 2006

Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

The Merit Systems Protection Board (Board) dismissed for lack of jurisdiction the appeal of Ann H. Flowers against the United States Postal Service for denying her request for restoration following a compensable injury. Flowers v. U.S. Postal Serv., MSPB Docket No. Ch-0353-05-0114-I-1. Finding no reversible error, this court affirms.

I

On October 7, 1994, the Office of Workers Compensation Programs (OWCP) accepted Ms. Flowers' claim that she suffered from major depression. The claim identified April 6, 1992 as the date of the injury. On September 28, 1995, her physician advised that she was able to return to work. On May 3, 1996 the Postal Service offered Ms. Flowers reinstatement subject to her commitment to enroll in an Employee

Assistance Program and other conditions. Ms. Flowers rejected the offer and filed an equal employment opportunity (EEO) grievance protesting the conditions. The EEO grievance was rejected. Ms. Flowers, nonetheless, continued to receive compensation benefits.

On December 16, 2002, the OWCP discontinued benefits because Ms. Flowers had "failed to provide medical evidence/argument supporting continued work related residuals of her April 6, 1992 injury on or after December 16, 1996." On August 5, 2003 Ms. Flowers' doctor approved her return to work and in September 2003 Ms. Flowers requested reinstatement. After corresponding with the Postal Service regarding its failure to reinstate her, Ms. Flowers filed another grievance with the EEO on November 10, 2003. The agency denied this claim as well.

II

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews de novo. Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999); Middleton v. Dep't of Defense, 185 F.3d 1374, 1379 (Fed. Cir. 1999). Ms. Flowers has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); Clark v. United States Postal Serv., 989 F.2d 1164, 1167 (Fed. Cir. 1993).

A separated employee's rights to reinstatement after a compensable injury depends on the recovery of the injured or disabled employee. An employee who fully recovers from a compensable injury within one year from the date of eligibility for compensation is entitled to immediate and unconditional restoration to the former position or an equivalent. 5 C.F.R. § 353.301(a)(2005). However, an employee who

separated because of a compensable injury and whose full recovery takes longer than one year from the date eligibility for compensation receives priority consideration, agencywide, for restoration to the position he or she left or an equivalent provided he or she applies for reappointment within thirty days of the cessation of compensation. 5 C.F.R. § 5 CFR 353.301(b)(2005)(emphasis added). An employee is fully recovered when compensation payments have been terminated on the basis that the employee is able to perform all the duties of the vacated position. 5 C.F.R. § 353.102(b).

Ms. Flowers argues § 353.301(a) applies because she indicated she was able to go back to work on September 28, 1995, within one year of the OWCP accepting her disability claim. As noted by the Board, however, § 353.301(a) only applies if the employee is fully recovered. That is, "when compensation payments have been terminated." § 353.102(b). Ms. Flowers continued to collect compensation benefits until December 16, 2002, some ten years after the April 6, 1992 compensable injury date. Therefore, § 301(a) cannot apply.

Regarding the possibility of reinstatement under § 353.301(b), the critical date to request reinstatement is January 15, 2003, thirty days after the discontinuation of OWCP benefits. Ms. Flowers, however, did not request reinstatement until September of 2003, some ten months after the critical date. Thus, she is not eligible reinstatement under § 353.301(b).

As a result, as the Board found, Ms. Flowers is not eligible for reinstatement under either § 353.301(a) or § 353.301(b). Therefore, this court affirms the Board's decision.

NOTE: Pursuant to Fed. Cir. R. 47.6, this order
is not citable as precedent. It is a public order.

# United States Court of Appeals for the Federal Circuit

2006-3152

ANN H. FLOWERS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

ON MOTION

Before PROST, <u>Circuit Judge</u>.

## O R D E R

The court treats Ann H. Flowers' letter concerning the Fed. Cir. R. 15(c) statement concerning discrimination as a motion for leave to be relieved of the requirement that she file a completed statement.

The Merit Systems Protection Board dismissed Flowers' case for lack of jurisdiction and did not address any discrimination issues. Flowers states that there is no statement on the Fed. Cir. R. 15(c) statement that applies to her case. However, statement three, i.e., that the petition seeks review only of the Board's dismissal of the case for lack of jurisdiction, is applicable. Thus, Flowers must file a completed Fed. Cir. R. 15(c) statement (form enclosed) within 21 days of the date of filing of this order.

Accordingly,

IT IS ORDERED THAT:

Flowers' motion is denied.  Flowers must file a completed Fed. Cir. R. 15(c)

statement within 21 days of the date of filing of this order.

MAY - 3 2006
_____
Date

Sharon Prost
Circuit Judge

cc:    Ann H. Flowers (form enclosed)
       Calvin Morrow, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 3 2006

JAN HORBALY
CLERK

*Ann H. Flowers*
*3223 Springleaf Drive*
*Mesquite, Texas*

*February 13, 2006*

United States Court of Appeals
For the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

RE: Delegation of Authority to the Clerk
(MSPB) Docket Number:CH-0353-05-0114-I-1

To  the Clerk's Office:
I mailed a petition to review form 5, to the US court of appeals for
the Federal Circuit on January 15, 2006.  I mailed the docket fee of
$250.00 on February 10, 2006.  My 60 days to file for a review
ends March 7, 2006.  I did not know that I could have my appeal
heard by EEOC until I received the Rules of Practice.  I do not
have an attorney to represent me and I am not able to represent
myself.

I have a mixed case and I am requesting that the Clerk please have
my case transferred to the EEOC Office that is appropriate for me.
Sincerely,

*Ann Flowers*

Ann H. Flowers

*Ann H. Flowers*
*3223 Springleaf Drive*
*Mesquite, Texas*

*March 8, 2006*

Clerk's Office
United States Court of Appeals
For the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

RE: Delegation of Authority to the Clerk
~~Docket~~ Number: 06 3152

To the Clerk's Office:
I move to have my case (Docket Number above) transferred to the
United States District Court where I can get legal help.  I suffer
from severe depression and this case is forcing me to think of
problems I had on my job at the postal service.  The stress from
trying to do the filing myself is making me very ill.
Also, the Merit System Protection Board did not address my
discrimination complaint.  This is on the Merit System Protection
Board Form 185, page 7.  See 5 C. F. R. Parts 1201, 1208 and
1209.

Sincerely,

*Ann Flowers*
Ann Flowers

NOTE: Pursuant to Fed. Cir. R. 47.6, this order
is not citable as precedent.  It is a public order.

# United States Court of Appeals for the Federal Circuit

2006-3152

ANN H. FLOWERS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

ON MOTION

Before MAYER, <u>Circuit Judge</u>.

## O R D E R

Ann H. Flowers moves to have her case transferred to the Equal Employment Opportunity Commission (EEOC).

The transfer statute, 28 U.S.C. § 1631, authorizes a court to transfer an action to another court when appropriate.  However, the statute does not authorize transfer to an administrative agency such as the EEOC.  More importantly, a review of the Merit Systems Protection Board decision shows that the case is not a "mixed case" and that the proper forum for review is this court.

Accordingly,

IT IS ORDERED THAT:

The motion to transfer is denied.

__MAR - 2 2006__
Date

Haldane Robert Mayer
Circuit Judge

cc:   Ann H. Flowers
      David M. Cohen, Esq.

s5

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

MAR - 2 2006

**JAN HORBALY**
**CLERK**

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANN H. FLOWERS,                          DOCKET NUMBER
           Appellant,             CH-0353-05-0114-I-1

    v.

UNITED STATES POSTAL SERVICE,            DATE: January 6, 2006
        Agency.

William Brobowski, Bellwood, Illinois, for the appellant.

Isabelle Ferrera, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Neil A. G. McPhie, Chairman
Barbara J. Sapin, Member

### FINAL ORDER

The appellant has filed a petition for review in this case asking us to reconsider the initial decision issued by the administrative judge. We grant petitions such as this one only when significant new evidence is presented to us that was not available for consideration earlier or when the administrative judge made an error interpreting a law or regulation. The regulation that establishes this standard of review is found in Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).

After fully considering the filings in this appeal, we conclude that there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome. 5 C.F.R. § 1201.115(d). Therefore, we DENY the petition for review. The initial decision of the

court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms 5, 6, and 11.


FOR THE BOARD:

                             Bentley M. Roberts, Jr.
                             Clerk of the Board


Washington, D.C.

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## CENTRAL REGIONAL OFFICE

ANN H. FLOWERS,
                Appellant,

v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
CH-0353-05-0114-I-1

DATE: September 30, 2005

William Hrobowski, Bellwood, Illinois, for the appellant.

Isabelle Ferrera, Esquire, Chicago, Illinois, for the agency.

### BEFORE
Mary L. Detjen
Administrative Judge

### INITIAL DECISION

On November 15, 2004, the appellant filed an appeal of the agency's action allegedly denying her request for restoration. Although the appellant requested a hearing, I deny her request and issue this decision on the basis of the parties' written submissions. *See Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984) (there is no statutory right to a hearing on jurisdictional issues).

For the reasons discussed below, this appeal is DISMISSED.

# U.S MERIT SYSTEMS DECISION SHEET
## PROTECTION BOARD

| | |
|---|---|
| ANN H. FLOWERS<br>v.<br>UNITED STATES POSTAL SERVICE | **Docket Number:** CH-0353-05-0114-I-1<br>**Type of Case:** Restoration to Duty<br>**Date Forwarded:** November  29, 2005<br>**Alternative Opinion:** _____ |

---

**CHAIRMAN'S VOTE**          NON-VOTE          SEPARATE OPINION

| Adopt ✓ | Concur ☐ | Dissent ☐ | Not Participate ☐ | Recused ☐ | Attached ☐ | None ☐ |
|---|---|---|---|---|---|---|

_(signature)_ Neil A. G. McPhie, Chairman          Date **12/21/05**

| 2nd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |
|---|---|---|
| 3rd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |

---

**VICE CHAIRMAN'S VOTE**          NON-VOTE          SEPARATE OPINION

| Adopt ☐ | Concur ☐ | Dissent ☐ | Not Participate ☐ | Recused ☐ | Attached ☐ | None ☐ |
|---|---|---|---|---|---|---|

Vice Chairman          Date

| 2nd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |
|---|---|---|
| 3rd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |

---

**MEMBER'S VOTE**          NON-VOTE          SEPARATE OPINION

| Adopt ✓ | Concur ☐ | Dissent ☐ | Not Participate ☐ | Recused ☐ | Attached ☐ | None ☐ |
|---|---|---|---|---|---|---|

_(signature)_ Barbara J. Sapin, Member          Date **12/23/05**

| 2nd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |
|---|---|---|
| 3rd Review ☐ Unchanged Vote | Date: _____ | Initials: _____ |

RA-5

## ANALYSIS AND FINDINGS

Background

The appellant was employed by the agency as an Electronics Technician at the Palatine Processing and Distribution Center. By letter dated October 7, 1994 the Office of Workers' Compensation Programs (OWCP) accepted the appellant's claim for major depression with April 6, 1992, identified as the date of her injury. Appeal file tab 6 at 48. On September 28, 1995, Fatima Z. Ali, M.D., her attending physician, advised the appellant was able to return to work. *Id.* at 47. On May 3, 1996, the Postal Service offered the appellant reinstatement with specific conditions regarding participation in the Employee Assistance Program; the appellant rejected that offer. *Id.* at 39-41. When the appellant grieved the conditions placed on her return, the agency denied the grievance and noted the appellant continued to receive OWCP benefits.[1] *Id.* at 31.

On December 16, 2002, OWCP issued a decision disallowing the appellant's claim for continuing compensation benefits. Appeal file tab 11. The cover letter informed her she had 30 days to request restoration from the date compensation ended. *Id.*

On August 5, 2003, Sabri H. Sheikha, M.D., the appellant's present doctor, released her to return to work. Appeal file tab 6 at 14. In November 2003, the appellant corresponded with the agency about her September 2003 request to the agency for reinstatement. *Id.* at 9-13. On November 10, 2003, the appellant sought EEO counseling regarding the agency's failure to reinstate her. Appeal file tab 1, Final Agency Decision at 1. The agency denied her complaint, and the

---

[1] The appellant also filed an EEO claim regarding the conditions placed on her reinstatement in 1997. Appeal file tab 6 at 19-21. The appellant's complaint was dismissed by the U.S. District Court for the Northern District of Illinois on February 4, 1999. Appeal file tab12, Agency Exhibits A & B.

appellant filed this appeal with the Board after receiving the Final Agency Decision.

Discussion

In the Acknowledgment Order of November 29, 2004, I advised the appellant of the jurisdictional requirements of a restoration appeal. Appeal file tab 2. The appellant contends that she is entitled to restoration as an individual who recovered within one year of the date she began receiving compensation. The agency responded that the appellant failed to request restoration within 30 days of the date her compensation ended and that her appeal was untimely.[2]

An individual who has fully recovered from a compensable injury within one year of the date eligibility for compensation began is entitled to immediate and unconditional restoration to her former position or an equivalent one. 5 C.F.R. § 353.301(a) (2005). An employee is "fully recovered" when OWCP compensation ceases. 5 C.F.R. § 353.102 (2005). Therefore, contrary to the appellant's assertion, she was not fully recovered until December 2002, when OWCP terminated her compensation approximately 10 years after the date of her injury.

The appellant's restoration rights are consequently those of an individual who fully recovers after more than one year. As such, the appellant is entitled to priority consideration, agencywide, for restoration to the position she left or an equivalent one, provided she applies for reappointment within 30 days of the cessation of compensation. 5 C.F.R. § 353.301(b) (2005). Priority consideration is accorded by entering the individual on the agency's reemployment priority list.

---

[2] The appellant filed her appeal with the Board on November 24, 2004. The Final Agency Decision was sent on November 3, 2004. Because the Board appeal was filed within 30 days of the appellant's receipt of the Final Agency Decision, the appeal is not untimely.

In her November 2003 correspondence with the agency regarding reinstatement, the appellant stated she sent the August 2003 release from her doctor and CA-17 to the agency's Injury Compensation Office in September 2003. Because her compensation ended with the December 16, 2002 decision by OWCP, her request for restoration should have been filed by January 16, 2003. Because the appellant did not request restoration within 30 days of the date her compensation ended, I grant the agency's motion and dismiss this appeal.

## DECISION

The appeal is DISMISSED.

FOR THE BOARD:

Mary L. Detjen
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **November 4, 2005**, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

RA-10

The United States Court of Appeals
for the Federal Circuit
717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

### Appellant

U.S. Mail

Ann H. Flowers
3223 Springleaf Drive
Mesquite, TX 75181

### Appellant Representative

U.S. Mail

William Hrobowski
534 46th Avenue
Bellwood, IL 60104

### Agency Representative

U.S. Mail

Isabelle Ferrera, Esq.
United States Postal Service
Law Department
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105

_____
September 30, 2005
(Date)

Allison McKinley
Paralegal Specialist

RA-12

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### CENTRAL REGIONAL OFFICE

January 28, 2005

| | | |
|---|---|---|
| ANN H. FLOWERS | ) | MARY L. DETJEN |
| | ) | ADMINISTRATIVE JUDGE |
| Appellant | ) | |
| | ) | |
| V. | ) | DOCKET NO: CH-0353-05-0114-I-1 |
| | ) | |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| | ) | |
| Agency | ) | |

## APPELLANTS' RESPONSE TO U. S. POSTAL SERVICES' JURISDICTIONAL ARGUMENT

Come now the appellant Ann H. Flowers by Representative William R. Hrobowski, the

Petitioner maintains appellant jurisdiction is vested in the United States Merit Systems

Protection Board under the authority of Title 5 CFR, Chapter II, Subchapter A, Parts

1201.3 (a) (12) (13) and 5 U.S.C.A. 8151 (b) (1) (2).

---

Federal Personnel Manual at chapter 353, subchapter 2, paragraph 2-6a(1): "The agency is required to restore the employee unless he or she was separated because of reduction in force, for cause, or for other reasons unrelated to the injury." Richard J. Ruppert v. U. S. Postal Service, Docket No. CH03538010182 (November 4, 1981)

1

## STATEMENT OF GENUINE ISSUES

Ann H. Flowers is a twenty-four (24) year employee of the United States Postal Service. Her last held position/title was that of Electronic Technician in the maintenance Department of the Palatine, Illinois P&DC location.

Ann, filed a claim for Workman's Compensation and the claim was accepted on October 7, 1994, based upon workplace exposure to profanity, verbal abuse and sexual harassment. (Ann H. Flowers EEO Complaint).

Her diagnosis was Major Depressive Disorder (MDD) and Post Traumatic Stress Disorder (PTSD). In this initial incident and after less than one year and the cessation of Compensation from OWCP Ann attempted several times to exercise her right to position restoration as regulated in 5 U.S.C.R 8151 (b) (1) (2) with no success.

Ann's numerous attempts at reinstatement failed. The frustration and unremitting anxiety of these failures along with significant income decline aggravated her at that time inactive and stable disorders. Ann, has never received a below average performance appraisal that she is aware of. She has never received disciplinary action for any type of misconduct that would disqualify her from restoration.

---

"A request for restoration may be made orally." 82 MSPR 628. "I called Gilbert Lopez, the injury compensation specialist, many times between September 22, 1995 and December 1995 inquiring about getting back to work." (Ann H. Flowers, Appellant Jurisdiction, January 2, 2004) see Larsen v. Department of Interior – 36 MSPR 669, 667 (1988)

### Dispute of U.S. Postal Services' Assertions

The agency in their response identifies a statement made in the Final Agency Decision (FAD) which quotes as follows: "Since August 5, 2003 and continuing the Postal Service has been hiring male Electronic Technicians, yet (Appellants') attempts to be reinstated have been futile." See FAD at page 1 attached to Appellants' Appeal. The investigator and author of the FAD failed to clarify how he came to this adverse conclusion. On page five (5) of the same FAD under the section entitled "Background" the same investigator states in the first sentence "Evidence of record reflects that at the time the subject issues of this complaint arose, you were a former Postal employee who had been attempting to be reinstated." This is clearly a contradiction of the line of reasoning that the agency now states supports their position. Continuing in the FAD report the investigators' methods seem more focused on instructing the complainant on the proper technique to file a discrimination complaint rather than on the issues surrounding the discrimination complaint itself. The period for instruction for filing a complaint with the EEO for Ann Flowers had evidently past or never existed. The FAD investigation is excessively vague and broad. On page five (5) in footnote two (2) the investigator excludes evidence submitted by the complainant on the basis that "information involved matters that had previously been addressed." It is not made clear by the FAD what that information or documentation was. On page two (2) of the FAD under Applicable Law the investigator attempts to clarify the concept of circumstantial evidence concerning unexplained disparate treatment. As I am sure the Administrative Judge does not need me to exclaim that the concept of circumstantial evidence in proving illegal motive is much more complex than declared in the FAD.

3

Ann, was denied the opportunity to have her evidence considered as relevant to her claim. (see FAD Page 5 footnote 2). Under Title 29, Subpart F, Part1614.604 (c) which gives Federal Sector EEO maintains the authority to waiver, estoppels and toll time limitations and all evidence should have been considered. (also see National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 117, 122 S. Ct. 2061, 2074, 153 L. Ed.2d 106,124, n. 11 2002) Ann, had stated that she was the only female in the department (see footnote). For establishing a defense against the allegation of discrimination the agency dwelled within the shelter of the maintenance department for the tapering of the "similarly situated" argument. "The First Circuit has explicitly rejected the notion that plaintiffs in disparate treatment cases are required to demonstrate that they were treated differently as part of their prima facie case. Courts within the circuit have stated that the "time to consider comparative evidence is at the third step of the burden-shifting ritual, when the need arises to test the pretextuality vel non of the employer's articulated reason for having acted adversely to the plaintiff's interests." Accordingly, these courts have held that, in disparate treatment cases, comparative evidence is to be treated as part of the pretext analysis, and not as part of the plaintiff's prima facie case." EDC ANAFED § 136:40 Westlaw

---

When I left the post office I was the only female electronic technician to ever work at North Suburban and the Palatine postal facility. I believe it is that way today. It was made known to me from the first day to the last day I worked that I would never be welcome in maintenance. After passing the electronic technician test I had to hire an attorney to be hired in maintenance, for promotions and for harassment while working in maintenance. (Ann H. Flowers, Appellant Jurisdiction, January 2,2005)

4

All the evidence and issues in this claim must have an opportunity to be examined. For example, the agency through the acts of Gilbert Lopez, Senior Injury Compensation Specialist and Mark Tovey, Plant Manager of Palatine P&D issued a "Return to Work Job Offer" (exhibit #3 – identified as document 9 of 14) under conditions that clearly violate the Privacy Act as a matter of law. In the U. S. Postal Service Management Instruction Booklet EL-860-98-2 (attachment A) this is clearly defined on the first page. On page 6 of this booklet management positions that are eligible to review, retain or request such records are made especially explicit. Absent credible explanation it would appear that Ann Flowers' Privacy Rights were violated with illegal motivation.

"Showing of prima facie case is not equivalent to finding of discrimination; rather, it is proof of actions taken by employer from which court may infer discriminatory intent or design because experience has proven that in absence of explanation, it is more likely than not that employer's actions were based upon discriminatory considerations."

## CASES:

The statutory language establishing the right to priority consideration for re-employment requires that the last-employing agency or department "make all reasonable efforts to place, and accord priority to placing, the employee *in his former or equivalent position within such department or agency, or within any other department or agency.*" 5 U.S.C. 8151(b)(2) (emphasis added). We construe this language to obligate the agency to attempt to re-employ the qualifying former employee at the facility which last employed him, and if that is not feasible, at any other agency facility having an equivalent position available--unless, of course, the agency and the former employee agree on another mutually acceptable arrangement. *Cf.* FPM ch. 353, subch. B-3(October 29, 1975). Consistent with the agency's burden of proof in appeals before the Board, 5 U.S.C. 7701(c)(1), the agency must submit evidence regarding all such available positions, and any restrictive qualification requirements, in order to show that it has made "all reasonable efforts" to re-employ the appellant. (M.S.P.B.)

Nothing in the applicable law, 5 U.S.C. 8151(b)(1), precludes entitlement to restoration under the circumstances of appellant's case. OPM asserts that, under its regulation at 5 C.F.R. 353.103(c)(1), a restoration right applies if the separation is substantially related to the compensable injury. *See* OPM brief at 4, April 30, 1981. The Board gives great weight to the OPM interpretation of its own regulation, *see United States v. Larionoff,* 431 U.S. 864, 872-73 (1977); *National Distributing Co. v. U.S. Treasury Department,* 626 F.2d 997, 1019 (D.D.C. Cir. 1980), and we find that we are in accord.

6

The Board finds that an employee is entitled under 5 C.F.R. 353 to restoration where his or her separation or furlough either resulted from or was substantially related to compensable injury.

There is no legislative explanation of "all reasonable efforts" or "priority to placing (the applicant) ... in his former or equivalent position." Clearly, (b)(2) applicants are not guaranteed reemployment, as are (b)(1) applicants. The continued absence of an injured employee for over a year might naturally require the employing agency to replace him permanently. Cf. Postal Service Employee and Labor Relations Manual (ELM), Part 545.91, reprinted in Postal Bulletin, RB-21215 (Oct. 22, 1979) (extended leave policy; separation from service authorized if an employee is not likely to return to work). In such a case, the statute would, however, require the agency to make "all reasonable efforts to place" the former employee in an equivalent position or in any future vacancy, and in so doing, to "accord (him) priority."  Raicovich v. U.S. Postal Service 675 F.2d 417 C.A.D.C., 1982

5 C.F.R. s 353.07 (emphasis added). Under this regulation, an application for reemployment by a former employee whose disability exceeds one year is entitled to "priority consideration." "Priority consideration" is, in a case involving the Postal Service (an excepted service under 5 U.S.C. s 8101(1)(A)), defined by 5 C.F.R. s 302. Section 302.202 requires agencies to establish "qualification standards such as those relating to experience and training, citizenship, minimum age, physical condition, etc., *421 **402 which shall relate to the duties to be performed."

7

The standards established must be a matter of public record, available to all applicants, and must be applied uniformly.

Notwithstanding this proper determination on the merits, we find the initial decision lacking, as urged by OPM in its petition, in the presiding official's discussion of the Board's jurisdiction contains no finding as to whether the appellant established that he "was denied restoration rights because of the employment of another person," as required by 5 C.F.R. 302.501 and 1201.111(b)(1). We note that the agency witness testified at the hearing that no Special Delivery Messengers had been employed since the appellant requested re-employment by letter dated December 20, 1979, Hearing Transcript at 12-13, 15, but that Letter Carriers and Clerks had been employed since that time, *id.* at 15-16. The record does not disclose, however, whether the latter positions are "equivalent" to that of Special Delivery Messenger or whether the appellant qualified for one of them, as required under 5 U.S.C. 8151(b)(2) and 5 C.F.R. 302.201 and 353.307.

For all the facts and reasons stated in this pleading the Appellant has proven that the Board has jurisdiction over her Appeal.

Respectfully Submitted,

_____
William R. Hrobowski
534 46th Ave
Bellwood, IL 60104-1720
(708)547-6325
Representative for Appellant



**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**CENTRAL REGIONAL OFFICE**

| | | |
|---|---|---|
| ANN H. FLOWERS, | ) | DOCKET NO. |
| | ) | CH-0353-05-0114-I-1 |
| Appellant, | ) | |
| | ) | ADMINISTRATIVE JUDGE |
| v. | ) | MARY L. DETJEN |
| | ) | |
| UNITED STATES POSTAL SERVICE, | ) | DATE:January 21, 2005 |
| | ) | |
| Agency. | ) | |

## POSTAL SERVICE'S RESPONSE TO APPELLANT'S ARGUMENT TO PROVE BOARD JURISDICTION

The Postal Service, through the undersigned counsel, respectfully submits its Response to Appellant's Argument to Prove Board Jurisdiction. Appellant's Argument is dated January 2, 2004 and is specifically entitled "Appellant jurisdiction." The Postal Service asserts that Appellant has failed to meet her burden of proving that the Board has jurisdiction over her Appeal. In support of this assertion, the Postal Service sets forth the following:

1.    Attached to Appellant's Appeal is a Final Agency Decision (FAD) issued on November 3, 2004. The alleged adverse employment action as set forth in the FAD is as follows: "[S]ince August 5, 2003 and continuing the Postal Service has been hiring male Electronic Technicians, yet [Appellant's] attempts to be reinstated have been futile." *See FAD at pg.1, attached to Appellant's Appeal.*

2.    Appellant's January 2, 2004 submission to the Board sets forth, in relevant part, the following:

> August 5, 2003,[1] my treating physician . . . released me to return to work regular assignment, full time, and no restrictions . . . .
>
> The Postal Service stated that I will get a job when one is available. The Postal Service never put on paper that they would not return me to work but their actions of hiring others lets me know that they never intend to reemploy me.

*See also various correspondence from Appellant attached to Appellant's January 2, 2004 submission setting forth August 5, 2003 as the date her doctor "released [Appellant] to return to work."*

    3.    The FAD -- attached to Appellant's Appeal -- sets forth, in relevant part, the following:

> [a]    [Appellant] had previously served in the capacity of an Electronic Technician . . . prior to being placed on the rolls of the [OWCP] and subsequently accepting disability retirement through [OPM]. [Appellant's] previous employment covered the period [of] October 1970 through February 1994.
>
> [b]    Re[garding] the incident(s) leading up to your request for reinstatement, Mr. Lopez, [Postal Service Manager, Injury Compensation] testified that [Appellant] had previously been receiving benefits from the OWCP for a work-related condition; however, that claim for wage loss was denied as your condition resolved as of December 16, 2002.
>
> [c]    Raymond Janicek, [Postal Service Manager, Personnel Services] . . . . acknowledged that you have a request for reinstatement on file, as you had been advised to submit such a request . . . . He stated that [Appellant's] request for reinstatement remains on file and will be given consideration when the need arises to go outside [of the Postal Service] to fill a vacancy.

---

[1] Although Appellant's submission appears to refer to "return to work" issues allegedly occurring in 1996 and 1997, it is not clear whether these issues are presented as background information or as part of her Appeal. In any event, these issues are not properly before the Board. *See Attached Exhibit A, United States District Court Docket Entry made on February 5, 1999, reflecting an Order dismissing Flowers v. USPS, Case Number 1:98-CV-0294; and Exhibit B, Appellant's United States District Court Complaint in connection with Flowers v. USPS, Case Number 1:98-CV-0294, reflecting that she had raised the 1996 and 1997 issues in district court. See also Attached Exhibits C and D, PS Forms 50 reflecting that Appellant was offered reemployed in 1996, but she refused the offer.*

*See also documentation attached to Appellant's January 2, 2004 submission from the U.S. Department of Labor confirming December 16, 2002 as the date of Appellant's cessation of compensation date.*

4. Appellant's January 2, 2004 submission fails to establish (1) that she applied for reappointment within 30 days of the cessation of compensation, and/or (2) that the Postal Service denied her request for restoration. Even assuming for the sake of argument that Appellant could establish these necessary elements, her submission fails to establish how her Appeal -- filed on November 18, 2004 -- challenging an alleged August 5, 2003 denial of restoration is timely.

For the reasons set forth above, Appellant has failed to meet her burden of proving that the Board has jurisdiction over her Appeal.

Respectfully submitted,

ISABELLE F. FERRERA
Attorney
Law Department
United States Postal Service
222 S. Riverside Plaza, Suite 1200
Chicago, IL 60606-6105
Telephone: 312/669-5900

3

11/24/2004 16:18 FAX 214 767 0102     U S MERIT SYSTEMS     → CHRO     ☑009

APPEALS PROCESSING CENTER
GREAT LAKES AREA

 **UNITED STATES POSTAL SERVICE**

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
## IN THE MATTER OF:

**Ann H. Flowers**
**Complainant,**

**v.**

**John E. Potter,**
**Postmaster General,**
**Respondent.**

**Agency No. 1-J-602-0021-04**

**Filed on: March 12, 2004**

### Final Agency Decision

This is the final agency decision of the U. S. Postal Service regarding your complaint of discrimination identified above. In that complaint, you allege discrimination based on race/color (African American/Black), sex (female), age (DOB: 1/10/1942), disability (major depression), and retaliation (prior EEO activity) in that since August 5, 2003 and continuing the Postal Service has been hiring male Electronic Technicians, yet your attempts to be reinstated have been futile.

You initiated EEO Counselor contact regarding the matter on November 10, 2003; however, counseling concluded without resolution of the claims brought forth. You then filed a formal complaint of discrimination on March 12, 2004. Your complaint was subsequently processed by an Equal Employment Opportunity Investigator, after which a copy of the Investigative Report was transmitted to you. Following receipt of that report, you had 30 days in which to request a hearing before an Administrative Judge (AJ) of the Equal Employment Opportunity Commission (EEOC) or a final agency decision without a hearing. By notice dated September 20, 2004, you requested issuance of a final agency decision on the merits of your complaint. Thus, this decision is being issued pursuant to your request.



Final Agency Decision
Ann H. Flowers
Page 2
November 5, 2004

### Applicable Law

The United States Supreme Court established a burden-shifting framework for analyzing claims of discrimination in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and subsequently refined that analysis in *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The *McDonnell Douglas* and *Burdine* approach involves a three-step process when a complainant alleges intentional discrimination (commonly referred to as a "disparate treatment" claim). The complainant alleging discrimination must first demonstrate that there is some substance to his or her claim. To satisfy this burden, the complainant must establish by a preponderance of the evidence a *prima facie* case of discrimination on the alleged basis. *Furnco Construction Co. v. Waters*, 438 U.S. 567, 576 (1978). A complainant may establish a *prima facie* case of discrimination with circumstantial evidence by showing that he or she (1) belonged to a protected class; (2) was subjected to an adverse employment action; and (3) was treated differently in this regard than similarly situated individuals who were not members of the protected group. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995); *Mitchell v. Toledo Hospital*, 964 F.2d 577, 582-83 (6th Cir. 1992).

Once a *prima facie* case is established, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Furnco Construction Co.*, 438 U.S. at 578. *See also St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). The employer does not have to persuade the trier of fact that the proffered reason was its actual motivation but merely needs to raise a genuine issue of fact as to whether it discriminated against the complainant. *Burdine*, 450 U.S. at 254. If the employer meets this burden, any presumption of discrimination created by the *prima facie* case disappears; it simply "drops from the case." *Hicks*, 509 U.S. at 507; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983). The complainant can then prevail only if he or she proves that the employer's reasons are not only pretext but are pretexts for discrimination. *Hicks*, 509 U.S. at 507, 516; *Nichols v. Grocer*, 138 F.3d 563, 566 (5th Cir. 1998); *Swanson v. General Services Administration*, 110 F.3d 1180, 1185 (5th Cir. 1997). Thus, the complainant cannot create a factual issue of pretext based merely on personal speculation that there was discriminatory intent. *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). The complainant always carries the "ultimate burden of persuading the trier of fact that he has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 254; *Hicks*, 509 U.S. at 511.

Final Agency Decision
Ann H. Flowers
Page 3
November 5, 2004

At all times, the ultimate burden of persuasion remains with the complainant. *Board of Trustees of Keene College v. Sweeney*, 439 U.S. 24, 25 N.2 (1978). This burden was reaffirmed and clarified in *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993). In *Hicks*, the Court held that in order to impose liability upon an employer for discriminatory employment practices there must be an ultimate finding of unlawful discrimination regardless of whether or not the employer's explanation for its action was believable.

## Age Discrimination

In order to establish a *prima facie* case of age discrimination, you must show proof of the Title VII criteria set forth by the Supreme Court in *McDonnell-Douglas; supra; Smithers v. Bailar*, 829 F.2d 892 (3rd Cir. 1980); *Price v. Maryland Casualty Co.*, 561 F.2d 609 (5th Cir. 1977). Several Circuit Courts of Appeal have consistently held that a complainant alleging age discrimination must prove not only that age was considered, but also that age **made a difference in the outcome** of the employer's decision-making process. In other words, in age cases the complainant must prove by a preponderance of the evidence that age was considered, and that it was a **determining factor;** if the complainant's burden fails on either point, no relief is provided. *Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (5th Cir. 1979); *Kentroti v. Frontier Airlines*, 585 F.2d 967, 974 (10th Cir. 1978); *Laugeson v. Anaconda*, 520 F.2d 307, 317 (6th Cir. 1976).

## Disability

Courts have adopted and applied the Title VII burdens of proof to disability discrimination claims as well. See *Norcross v. Sneed*, 755 F.2d 113 (8th Cir. 1985); *Prewitt v. United States Postal Service*, 662 F.2d 292 (5th Cir. 1981). In order to establish a *prima facie* case of disability discrimination, a complainant must prove, by a preponderance of the evidence, that he was treated differently than individuals not within his protected group, or that the agency failed to make a needed reasonable accommodation, resulting in adverse treatment of the complainant. See *Session v. Helms*, 751 F. 2d 991, 992-3 (9th Cir.), cert. Denied 474 U.S. 846 (1985). A complainant also must demonstrate a causal relationship between the disabling condition and the agency's reasons for the adverse action.

In order to assert a claim of disability discrimination, a complainant must satisfy the threshold requirement that s/he is a disabled person as defined by the Rehabilitation Act of 1973. EEOC Regulation 29 C.F.R. 1630.2(g) defines a person with a disability as one who: (i) has a physical or mental impairment

Final Agency Decision
Ann H. Flowers
Page 4
November 5, 2004

which substantially limits one or more of such person's major life activities; (ii) has a record of having such an impairment; or (iii) is regarded as having such an impairment. Major life activities include, but are not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. 29 C.F.R. 1630.2(i). The Interpretive Appendix to that regulation notes that "other major life activities include, but are not limited to, sitting, standing, lifting, and reaching." See Appendix to 29 C.F.R. 1630.2(i). The regulation defines a "qualified individual with a disability" as a person "who, with or without reasonable accommodation, can perform the essential functions of the position in question without endangering the health and safety of the individual or others. . ." 29 C.F.R. 1614.203(a)(6).

The U.S. Supreme Court has held that the determination of whether a person is an "individual with a disability" must be based on his or her condition at the time of the alleged discrimination. The positive and negative effects of mitigating measures used by the individual, such as medication or an assistive device, must be considered when deciding if he or she has an impairment that substantially limits a major life activity. *Sutton v. United Airlines, Inc.*, 527 U.S. 471 (1999); *Murphy v. United Parcel Service, Inc.*, 527 U.S. 516 (1999).

The Office of Personnel Management regulations defining medical documentation required for a disability claim provides at 5 C.F.R. 339.102: "(a) the history of the specific medical condition(s), including references to findings from previous examinations, treatment and responses to treatment; (b) clinical findings from the most recent medical evaluation, including any of the following which have been obtained:   findings of physical examination, results of laboratory tests, X-rays, EKG's and other special evaluations for diagnostic procedure, and in the case of psychiatric disease, the findings of a mental status examination and the results of psychological studies;   (c) assessment of the current clinical status and plans for future treatment; (d) diagnosis; (e) an estimate of the expected date of full or partial recovery; (f) an explanation of the impact of the medical condition on the life activities both on and off the job; (g) narrative explanation of the medical basis for any conclusions that the medical condition has or has not become static or well stabilized; ..."

## Retaliation

To establish a *prima facie* case based on reprisal, a complainant must show that: (1) he/she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he/she was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity

Final Agency Decision
Ann H. Flowers
Page 5
November 5, 2004

and adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.*, 425 F. Supp. 318, 324 (D. Mass), aff'd 545 F.2d 222 (1st Cir. 1976); *Manoharan v. Columbia University College of Physicians and Surgeons*, 842 F. 2d 590, 593 (2nd Cir. 1988); *Witmire v. Department of the Air Force*, EEOC Appeal No. 01A00340 (September 25, 2000). The causal connection may be inferred by evidence that the protected conduct was closely followed by the adverse action. *Grant v. Bethlehem Steel Corp.*, 622 F.2d 43 (2nd Cir. 1980). In addition, in *Gunther v. County of Washington*, 623 F.2d 1303, 1316 (9th Cir. 1979), aff'd 452 U.S. 161 (1981), the court held that essential to the link between protected activity and adverse action is showing that the official taking action was aware that the complainant engaged in protected activity. To support a finding of unlawful retaliation, there must be proof that the agency official(s) took the action at issue because of complainant's prior protected activity and sought to deter complainant or others. EEOC Compliance Manual on Retaliation, No. 915.003 (May 20, 1998), p. 8-16.

## Background

Evidence of record reflects that at the time the subject issues of this complaint arose, you were a former Postal employee who had been attempting to be reinstated. You had previously served in the capacity of an Electronic Technician at the Palatine Processing and Distribution Center prior to being placed on the rolls of the Office of Workers Compensation Programs (OWCP) and subsequently, accepting disability retirement through the Office of Personnel Management (OPM). Your previous employment covered the period October 1970 through February 1994. (ROI; AFF A; EXH 1)[1]

In relevant testimony provided in your affidavit dated August 24, 2004, you stated that you suffered from a work-related condition of Major Depression and Post Traumatic Stress Syndrome which was a factor in your retirement on disability; however, the condition was now in remission, with periods of relapse. You stated that, as of August 5, 2003, your physician had released you to return to work.[2] You stated that you submitted letters requesting reinstatement to several Postal officials, including the Manager, Human Resources, William Simmons; however, there was always some excuse as to delay reinstatement. You testified that you were informed that the Palatine facility had hired several male Electronic Technicians during the time you were attempting to be reinstated.

---

[1] ROI refers to the Report of Investigation; AFF refers to the Affidavit(s); and EXH denotes the Exhibit(s).

[2] You also submitted information and documentation relating to earlier efforts at reinstatement; however, that information involved matters that had previously been addressed in Agency Case No. 4-J-600-0251-97 and were not accepted for investigation in this complaint. It was included in the file only as background information and will not be incorporated into this final agency decision.

Final Agency Decision
Ann H. Flowers
Page 6
November 5, 2004

You assert that they simply did not want to reinstate an older Black female with a mental disability. You also indicated that you felt your prior EEO involvement might have had an impact in the denial of your reinstatement request. (ROI; AFF A; EXHS 2, 3, 4, 5, 6, 7)

Mr. Gilbert Lopez (Hispanic/male), Manager, Injury Compensation provided an affidavit in response to your allegations of discrimination. He testified that he was aware of your attempt to be reinstated; however, he was not the decision maker. He stated that your request for reinstatement was shared with the Manager, Personnel Services, Raymond Janicek. Relating the incident(s) leading up to your request for reinstatement, Mr. Lopez testified that you had previously been receiving benefits from the OWCP for a work-related condition; however, that claim for wage loss was denied as your condition resolved as of December 16, 2002. Lopez stated that prior to the OWCP decision of December 2002, you had been approved for disability retirement benefits through OPM, resulting in your separation from the rolls of the Postal Service. Lopez concluded that, upon notification of the denial of wage loss by OWCP, you began requesting reinstatement with the Postal Service. (ROI; AFF B w/ATTCHS; EXHS 3, 4, 6, 7)

On June 21, 2004, Raymond Janicek (Caucasian/male/DOB: 6/10/1947), Manager, Personnel Services, Northern Illinois District, submitted an affidavit in response to your allegations. Mr. Janicek acknowledged that you have a request for reinstatement on file, as you had been advised to submit such a request. Janicek stated; however, that reinstatement is simply one way to fill available vacancies that can't be filled by promoting qualified candidates from within. He stated that the Maintenance Selection System provides for lower-level craft employees to be able to take school courses and/or postal-provided training in order to prepare themselves for higher-level jobs. Janicek testified that all Electronic Technician positions that have become available for a considerable period prior to and subsequent to your August 2003 request for reinstatement, were filled by promoting lower level maintenance craft employees, consequently, they have not had to go outside to fill recent Electronic Technician positions. He indicated that there has been no hiring for ET positions between the time of your August 2003 request for reinstatement and the present time. Janicek testified that a Maintenance Mechanic, Maurice Bayless (male/DOB: 10/13/1944) was promoted from within to an ET position effective January 10, 2004. Janicek denied that the failure to honor your reinstatement request was motivated by non-meritorious factors of race, sex, age or disability. He stated that your request for reinstatement remains on file and will be given consideration when the need arises to go outside to fill a vacancy. (ROI; AFF C; EXHS 3, 7, 8, 9, 10, 11, 12, 13)



11/24/2004 16:20 FAX 214 767 0102    U S MERIT SYSTEMS    → CHRO    ☒015

Final Agency Decision
Ann H. Flowers
Page 7
November 5, 2004

William Simmons, Manager, Human Resources, testified that he does not know you and that he was only aware that you had submitted a request for reinstatement. He indicated that the handling of such requests would have been primarily assigned to the Manager, Personnel Services and that the District has not hired or reinstated Electronic Technicians for several years.    (ROI; AFF D)

## Discussion/Analysis

Returning to the previously discussed burden of proving a **prima facie** case of disparate treatment, I find that you have failed to meet your burden of proof on any basis relative to your failure to gain reemployment as an Electronic Technician.   See **Furnco Construction Co. v. Waters**, 438 U.S. 567, 576 (1978).  Where no direct evidence of discriminatory intent is present, you may establish a **prima facie** case of discrimination with circumstantial evidence by showing that you (1) belonged to a protected class; (2) were subjected to an adverse employment action; and (3) were treated differently in this regard than similarly situated individuals who were not members of the protected group. See, e.g., **Mayberry v. Vought Aircraft Co.**, 55 F.3d 1086, 1090 (5th Cir. 1995). For the purposes of this discussion, I will assume that you are a member of the relevant protected groups for the purviews cited, i.e., race/color (African American/black), sex (female), etc.  I do not find, however, that you have shown either the second or third required elements of a **prima facie** case.  Specifically, you have not demonstrated that you were subjected to an adverse employment action relative to your assertion that male individuals were hired as Electronic Technicians during the period of your reinstatement attempts.  The file is devoid of any information/documentation that reflects that any individual, regardless of gender, age, or ethnicity, was hired at the Palatine facility to an Electronic Technician position since the time of your request for reinstatement in August 2003.  Although the file does reflect at least one promotion of a Mail Processing Equipment Mechanic (MPE) to the position of Electronic Technician, effective January 10, 2004, I do not find that the promotion of Maurice Bayless constitutes an adverse employment action against you.  Neither do I consider Mr. Bayless to be similarly situated to you for the purpose of creating an adverse inference of discrimination.  In order for two or more employees to be considered similarly situated for the purpose of creating an adverse inference of disparate treatment, a complainant must show that all relevant aspects of his/her employment situation are nearly identical to those of the other employees who he/she alleges were treated differently. **Smith v. Monsanto Chemical Co.**, 770 F.2d 719, 723 (8th Cir. 1985); **Murray v. Thistledown Racing Club, Inc.**, 770 F.2d 63, 68 (6th Cir. 1985); **Nix v. WLCY Radio/Rahall Communications**. 738 F.2d 1181, 1185 (11th Cir. 1984).

Final Agency Decision
Ann H. Flowers
Page 8
November 5, 2004

It must be pointed out that Mr. Bayless was already a Postal Service employee within the Maintenance section at the time of his promotion to the ET position, whereas you are a former Postal Service employee seeking reinstatement. As indicated via testimony of the Manager, Personnel Services, reinstatements are one desirable manner in which the Postal Service fills vacancies that are not filled by promotion of qualified lower level employees. The file does not reflect that any vacant ET position at the Palatine facility has been filled by means other than promotion of current maintenance personnel. Thus, you have not demonstrated that you have been treated less favorably than similarly situated individuals outside your protected groups. Furthermore, your request for reinstatement remains on file and under consideration in the event of a need to fill ET positions by other than promotional means. Since you have not been able to establish a *prima facie* case of disparate treatment based on race, color, sex, or age, your claims of discrimination on those bases thus fall.

I will now address your claim of disability discrimination relating to your attempts at reinstatement. As earlier indicated, in order to prove a claim of disability discrimination, a complainant must first establish that he is a member of the class of persons protected by the Rehabilitation Act of 1973. After a thorough review of the evidence contained in the file and analyzing it under the appropriate legal standards, I find that you have failed to establish the crucial threshold requirement of showing that you are an employee with a disability, as defined by the Rehabilitation Act. Specifically, you have failed to demonstrate that you are "substantially impaired" in any major life activity, including the life activity of working. The U.S. Supreme Court has held that the determination of whether a person is an "individual with a disability" must be based on his or her condition at the time of the alleged discrimination. The positive and negative effects of mitigating measures used by the individual, such as medication or an assistive device, must be considered when deciding if he or she has an impairment that substantially limits a major life activity. *Sutton v. United Airlines, Inc.,* 527 U.S. 471 (1999); *Murphy v. United Parcel Service, Inc.,* 527 U.S. 516 (1999). As indicated via your testimony, as well as medical evidence submitted, you no longer suffered from the effects of PTSD and Major Depression at the time of your reinstatement request in August 2003. Dr. Sheikha opined in August 2003 that you were able to return to your previous ET position and that you were able to submit to appropriate supervision and cooperate with coworkers. (ROI; AFF A; EXH 5) Therefore, taking your condition at the time of the alleged discrimination into consideration, I find that you were not "substantially impaired" relative to your ability to work at the time of your request for reinstatement in 2003.

Final Agency Decision
Ann H. Flowers
Page 9
November 5, 2004

Finally, I'll address your claim of retaliation or reprisal discrimination relating to your attempts at reinstatement. As indicated earlier in this decision letter, to establish a *prima facie* case based on reprisal, a complainant must show that: (1) he/she engaged in prior protected activity; (2) the agency official was aware of the protected activity; (3) he/she was subsequently disadvantaged by an adverse action; and (4) there is a causal link between the protected activity and adverse action. *Hochstadt v. Worcester Foundation for Experimental Biology, Inc.,* 425 F. Supp. 318, 324 (D. Mass). It is without dispute that you have previously engaged in the EEO complaint process, as record evidence and the testimony of Mr. Gilbert Lopez attest. Notwithstanding, I still find that you have not demonstrated that you were subsequently disadvantaged by an adverse employment action following your having engaged in protected EEO activity. As indicated, the file does not reflect that any individual was granted reinstatement to the position of Electronic Technician; neither were there individuals hired from an eligible Hiring Worksheet for Electronic Technicians since your request for reinstatement in August 2003. As previously indicated, the only ET vacancy filled since the time of your reinstatement request, was filled via the promotion of a qualified MPE Mechanic. Thus, you have not satisfied required elements 3 and 4 for proving a *prima facie* case of reprisal discrimination. Therefore, your claim of retaliatory animus also fails.

## Dismissed Issues

Additionally, according to the Acceptance Letter of April 27, 2004, two other issues brought forth by you in the above-styled complaint were rejected for investigation by the Agency. Specifically, Claim 1 alleged that on October 25, 2003, you became aware that under OPM guidelines an employee who recovers from a compensable injury within one year is entitled to reemployment with the employing Federal agency. Claim 2 alleged that between September 1995 and April 1997, the Postal Service hired male Electronic Technicians while you were attempting to get your job back. The Agency dismissed Claim 1 for failure to state a claim, indicating that you had failed to demonstrate that you were harmed by the simple awareness of OPM regulations relative to reemployment. Claim 2 was dismissed for your failure to comply with applicable time limits for making EEO Counselor contact. I have thoroughly reviewed the correspondence relating to those dismissed claims. This final decision letter supports the Agency's dismissal of Claim 1 for failure to state a claim, in accordance with EEOC Regulations at 29 C.F.R. § 1614.107(a)(1), and the dismissal of Claim 2 for untimely EEO Counselor contact, in accordance with Section 1614.107(a)(2) of that regulation.

Final Agency Decision
Ann H. Flowers
Page 10
November 5, 2004

## Conclusion

Therefore, after carefully considering the entire record, and applying the legal standards outlined in **McDonnell Douglas Corp. v. Green**, 411 U.S. 792 (1973); **Loeb v. Textron, Inc.**, 600 F.2d 1003 (1st Cir. 1973) (applying the standard to cases brought under the ADEA); **Prewitt v. U.S. Postal Service**, 662 F.2d 292 (5th Cir. 1981) (applying the standard to cases brought under the Rehabilitation Act); and **Hochstadt v. Worcester Foundation for Experimental Biology**, Inc., 425 F.Supp. 318 (D.Mass), aff'd 545 F.2d 222 (1st Cir. 1976) (applying the standard to reprisal cases); I find that you have failed to prove that you were subjected to discrimination as alleged. Consequently, your case is now closed with a finding of no discrimination.

## Appeal to the EEOC

You have the right to appeal the Postal Service's final decision to the Director, Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), P.O. Box 19848, Washington, DC 20036-9848, within 30 calendar days of your receipt of this decision. You must use Form 3573, a copy of which is enclosed, in connection with your appeal. You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation or brief was also submitted to the Manager, EEO Compliance & Appeals, USPS, Great Lakes Area, 244 Knollwood Drive, Fl. 2, Bloomingdale, IL 60117-3010. You are advised that if you file your appeal beyond the 30-day period set forth in the Commission's regulations, you should provide an explanation as to why your appeal should be accepted despite its untimeliness. If you cannot explain why your untimeliness should be excused in accordance with 29 C.F.R. 1614.604, the Commission may dismiss the appeal as untimely.

## Right To File Civil Action

Alternatively, if you are dissatisfied with the Postal Service's final decision in this case, you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the Postal Service's final decision, within 90 calendar days of the EEOC's final decision on any appeal, or after 180 days from the date of filing an appeal with the EEOC if no final decision has been rendered. If you choose to file a civil action, such action should be captioned **Ann H. Flowers v. John E. Potter, Postmaster General**. You may also request the

11/24/2004 16:20 FAX 214 767 0102        U S MERIT SYSTEMS        → CHRO        ☒019

Final Agency Decision
Ann H. Flowers
Page 11
November 5, 2004

court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security. Whether these requests are granted or denied is within the sole discretion of the District Judge. Your application must be filed within the same 90-day time period for filing the civil action.

*Michael L. Garrett*

Michael L. Garrett
Manager, EEO Compliance & Appeals
Great Lakes Area

11/3/04
Date

Enclosures:  Appeal Form 3573
             Certificate of Service

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing final agency decision letter was sent this date to:


Ann H. Flowers                          Certified No. 7001 1940 0004 1909 9613
3223 Springleaf Drive.
Mesquite, TX 75181-2551


Manager, EEO Dispute Resolution
Northern Illinois District


_Rae L. Grant_                          _11-3-04_
EEO Compliance & Appeals Specialist              Date

April 18, 2008

Ann H. Flowers

Case Number: 08 CV 552
PS Form 50 and Job Offer #2
     It is my understanding that the action of this document, P S Form 50 terminated my employment with the United States Postal Service.  This was a verbal command from Gilbert Lopez Injury Compensation Department (ICD), to Ann Jones, User ID CA0231, an office worker at Carol Stream P&DC.
The USPS, P S Form 50, Cancellation of Accession effective May 18, 1996, for refusing to agree to the conditions of reemployment job offer as tendered by Injury Compensation Department.  I did not receive a copy of the PS Form 50 document until 9/9/96.  I did not agree to the attachment A, because this is a phony document made up by the ICD at the USPS.  This is not the job offer sent to my treating psychiatrist for her approval.  I am enclosing job offer #1 that the ICD sent to my doctor for her approval.  Someone at the USPS took the cover from job offer #1 and attached it to job offer #2 then sent it to the Department of Labor as if my doctor approved it.  If you look at the job offers, you will see the difference even to the dates.  The Attachment A on job offer #2 required me to give all of my medical information and all doctor information to unspecified employees of the USPS.  These are conditions that clearly violate the Privacy Act as a matter of law.

FROM :Flowers Family          FAX NO. :972-222-6951        Dec. 14 2004 10:45AM P39

Agency NO: 1J-6 2-cv21-04                          NC/B201 US # 1

| | | NOTIFICATION of PERSONNEL ACTION | | | |
|---|---|---|---|---|---|
| 01 | Effective Date  05-18-1996 | U. S. Postal Service | 02 | Social Security Number  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 | |

**EMPLOYEE INFORMATION**

| | | | | | |
|---|---|---|---|---|---|
| 03 | Employee Name-Last | FLOWERS | 39 | FLSA Status | N - NON-EXEMPT |
| 04 | Employee Name-First | ANN | 40 | Pay Location | 294 |
| 05 | Employee Name-Middle | H | 41 | Rural Carrier-Route | |
| 06 | Mailing Address Street/Box/Apts | 135 23RD AVE | 42 | Rural Carr-L-Rte ID | |
| | | | 43 | Rural Carr-Pay Rate | |
| 07 | Mailing Address-City | BELLWOOD | 44 | Rural Carr-Tri-Weekly | |
| 08 | Mailing Address-State | IL | 45 | Rural Carr-FLSA | |
| 09 | Mailing Address-Zip+4 | 60104-1645 | 46 | Rural Carr-Commit | |
| 10 | Date of Birth | 01-10-1942 | 47 | Rural Carr-EMA | |
| 11 | Veterans Preference | 1 - NO PREFERENCE | 48 | Rural Carr-Hours | |
| 12 | Sex | | 49 | Rural Carr-Miles | |
| 13 | Minority | | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2604-01XX |
| 15 | Leave Comp Date | 05-18-1996 | 52 | Position Title | ELECTRONIC TECH |
| 16 | Enter on Duty Date | 05-18-1996 | 53 | Functional Oper Nbr | 3600 |
| 17 | Retirement- Comp Date | 05-18-1996 | 54 | Designation/Activity | 16/8 |
| 18 | Serv Anniversary PPYR | 21-1971 | 55 | Position Type | 1 - FULL TIME |
| 19 | TSP Eligibility | R - ELIGIBLE NXT OPN SEAS | 56 | Limit Hours | |
| 20 | TSP Service Comp Date | | 57 | Allowance Code | |
| 21 | Prior CSRS Service | | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 | Leave Data-Category | 4 - HOURS/PP | 59 | Pay Rate Code | A - ANNUAL RATE |
| 24 | Leave Data-Chg PPYR | 12-1999 | 60 | Rate Schedule Code | |
| 25 | Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 | Grade/Step | 09/ 0 |
| 26 | Credit Military Serv | | 62 | Base Salary | 40,444 |
| 27 | Retired Military | | 63 | Cola | |
| 28 | Retirement Plan | 4 - REEMPLOYED ANNUITANT | 64 | Cola Roll-In Ind | |
| 29 | Employee Status | RC - REINS COMP FRMER EMP | 65 | Next Step PPYR | |
| 30 | Life Insurance | C - BASIC COVERAGE ONLY | 66 | Merit Anniv Date | |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| | **POSITION INFORMATION** | | 68 | Special Salary Code | S R - REEMPLOYED ANNUIT |
| 32 | Employ Office-Fin No | 16-6027 | 69 | Protected RSC | |
| 33 | Employ Office-Name | PALATINE PROC/DIST CTR | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | NORTH SUBURBAN  IL 60199-9998 | 72 | Protected RC Hours | |
| | | | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 16-6027 | 74 | RC Guaranteed Salary | |
| 36 | Duty-Station-Name | PALATINE PROC/DIST CTR | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 77 | Nature of Action Code | 398 | 78 | Authority | | | 39-USC SECT. 1001 | | |
| 79 | Description | CANCELLATION OF ACCESSION | 80 | Code | 81 | Code | 82 | Code | 83 | Code |
| 84 | Remarks | | | | | | | | |

CANCELS NOA 161 EFFECTIVE 1996-05-18.
USER ID = CA0231 - 1996-06-05.
EMPLOYEE REFUSED TO AGREE TO CONDITIONS OF
REEMPLOYMENT JOB OFFER AS TENDERED BY INJURY
COMPENSATION DEPARTMENT
AJ060596

| | | | | |
|---|---|---|---|---|
| 85 | Authorization  JOHN T. WEEKER, VICE PRESIDENT  AREA OPERATIONS-GREAT LAKES | 86 | Processed Date | 06-05-1996 |
| | | 87 | Personnel Office ID | TA37 |
| | | 88 | OPF Location | PALATINE PROC/DIST CTR |

PS Form 50, March 1990 (Exception to Standard Form 50)      2 - OPF COPY

FROM :

FAX NO. :

Aug. 08 2003 09:51AM P9

*100 431897*



*100 431897*

NORTHERN ILLINOIS DISTRICT
CUSTOMER SERVICE AND SALES

**UNITED STATES
POSTAL SERVICE**

May 3, 1996

| | |
|---|---|
| **Ann H. Flowers** | **SSN:** 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 |
| 135 23rd. Ave. | **DOI:** 04-06-92 |
| Bellwood, IL 60104-1645 | **A10:** 431897 |

SUBJECT: Return to Work Regular Duty Job Offer



Your current medical indicates you may return to regular duty.   We are offering
you the following assignment:

> JOB TITLE:  Electronic Technician
> RATE OF PAY:  $ 40,444
> TOUR: II   TIME:  0700-1550   N/S DAYS: Sunday/Monday
> During the first two weeks you will be non-scheduled Sat./Sun. for
> refresher training, after which you will revert back to being non-
> scheduled Sun./Mon..
> EMPLOYING OFFICE:  Palatine P&D (Maintenance)
> ASSIGNMENT DATE:  May 18, 1996

The duties of the proposed position are on Attachment A.

The job offer is within the medical restrictions as defined by Dr. Fatima Ali.

EXHIBIT 6
PG 1 of 3

UNITED STATES POSTAL SERVICE
500 EAST FULLERTON AVENUE
CAROL STREAM, IL 60199-9998
FAX: 708-260-5130

---

FROM :                          FAX NO. :                    Aug. 09 2003 09:53AM  P10

*100 431 897*

2

Ann H Flowers              SSN:  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
135 23rd. Ave.             DOI:  04-06-92                
Bellwood, IL 60104-1645    AIO:  431897

If you refuse to accept this "Return to Work Job Offer", we will so advise the
Office of Workers' Compensation Programs, for whatever action they deem
necessary.

Please indicate your decision by signing the appropriate space on Attachment A.

Mark Tovey                          Gilbert Lopez
Plant Manager                       Senior Injury Compensation
Palatine P & D                      Specialist

ATTACHMENTS

cc: Personnel
    Injury Compensation
    OWCP Claims Supervisor
    Employee Assistance Program
    Labor Relations
    EEO
    Medical Unit

EXHIBIT: 6
PG 2 OF 3

FROM :                                          FAX NO. :                    Aug. 06 2003 08:55AM P17

*100 431 897*

3

## ATTACHMENT A

Employee: Flowers, Ann H.
A10: 431897
SSN: 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

FAXED

Conditions of Return to Work Job Offer:

1. You shall participate in the U.S.P.S. Employee Assistance Program (E.A.P.)
   and follow any and all recommendations made by the E.A.P. Counselor for
   a period of two years from the date you return to duty. These
   recommendations will include continuing with your current psychiatric and
   psychological treatment.

2. You must sign and maintain a release of information waiver to allow the
   U.S.P.S. management to obtain information from the E.A.P. Counselor
   regarding E.A.P. participation and compliance with treatment
   recommendations. You will be required to contact E.A.P. and schedule an
   appointment within seven (7) days of the signature of this document.

3. You must also sign and maintain a release of information to E.A.P.
   from all medical/psychiatric treatment providers.

4. The E.A.P. counselor will provide at least monthly, information regarding your
   participation in E.A.P. and your compliance with E.A.P. recommendations
   to Gilbert Lopez (Injury Compensation) or designee, Ruby Chatham
   (Medical Unit) or designee and Ricky Hilliard (Maintenance) or designee.

**I UNDERSTAND THAT FAILURE TO ABIDE BY ANY OF THE ABOVE
STIPULATIONS WOULD RENDER ME UNFIT FOR DUTY.**

I ACCEPT YOUR POSITION                    I REJECT YOUR POSITION
*if Electronic Technician with*            *Attachment A*
*rights and option noted*
*Ann Flowers 5/23/96*                      *Ann Flowers 5/22/96*
Signature of Employee  Date                Signature of Employee  Date

Reason for your rejection.
*The duties of the proposed position (Electronic Technician)*
*are not in Attachment A*

EXHIBIT *6*
PG 3 of 3

Case No. 4J-600-0107-07    Continued, PS Form 2565 (16)

**This is "job offer #1"**; this is the document that was approved by my treating psychiatrist, Dr. Fatima Z. Ali and me.  When I reported to work on May 20, 1996, Mr. Lopez did not give me an opportunity to sign or reject this offer.

On the letter sent to Dr Fatima Ali from the USPS dated May 1, 1996, Dr. Ali writes; 5/14/96, question #1, Yes but Ann wants to further discuss rate of pay with you and is not accepting the current rate.
5/14/96, Ann has been still under my care, has been doing well, emotional stable, not depressed, irritable, angry or rageful. Good emotional and organizational skills and not crying, is taking Prozac 30 mg, Xanax 0.25 mg twice a day.  I would recommend continued TX with Raye Isenburg and myself.

FAX NO. :                         Aug. 09 2023 09:50AM  P7

May 1, 1996         *100431897*              #8    3 of 4

Fatima Z. Ali, M.D.
1776 S. Naperville Rd
Wheaton, IL 60187

Dr. Fatima Ali:

**CONFIDENTIAL**

The enclosed job offer has been prepared for Ann Flowers.

5/14/96

Do you agree Ann may perform the job offer as described?

*Yes, but — the Ann wants to further discuss ra~*
*of pay wt*

Are additional limitations required? Please describe additional limitations you
may propose.

*no further limitation*

*you bis nc*
*accepting the*
*current ea*

If the employee cannot perform the assigned job, please give reason(s).

You may use this letter to answer the questions and return in the enclosed
addressed envelope.

We appreciate your attention to this matter and assisting us in offering Ann
meaningful employment.

*Gilbert Lopez*

Gilbert Lopez
Senior Injury Compensation Specialist

Attachments

cc: OWCP Claims Examiner

*3/14/96 Ann has been stil~*
*under my care has been*
*doing well, emotional~*
*stable, not depressed*
*irritable angry or*
*raging, good general*
*& organizational*
*2-5 skills & her exp~*
*is tak-g. Prozac 30m~*
*x d & 0.25 Bl~*
*(twice*
*& I would recommend*
*continued Tx with Roye*
*Tseutrin & myself*
*7-8.*

UNITED STATES POSTAL SERVICE
500 EAST FULLERTON AVENUE
CAROL STREAM, IL 60199-0008
FAX: 708-260-6130

NORTHERN ILLINOIS DISTRICT
CUSTOMER SERVICE AND SALES

 UNITED STATES
POSTAL SERVICE

May 2, 1996

Ann H Flowers                    SSN: 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
135 23rd Ave                     DOI: 04-06-92
Bellwood, IL 60104               A10 431897


SUBJECT:  Reinstatement to Regular Duty


Your current medical indicates you may return to regular duty    We are offering you the following
assignment::

   TITLE:  Reinstatement to Regular Duty
   RATE OF PAY: $ 39 862
   TOUR: II   TIME:  0700-1550   N/S DAYS  Tuesday/Wednesday
   (THIS SCHEDULE MAY CHANGE AS NEEDED)
   EMPLOYING OFFICE: Palatine P&D (Maintenance)
   ASSIGNMENT DATE:  May 11, 1996

The duties of the proposed position are on Attachment A.

The reinstatement offer is within the medical restrictions as defined by
Dr. Fatima Ali.


UNITED STATES POSTAL SERVICE
500 EAST FULLERTON AVENUE
CAROL STREAM IL 60199-9998
FAX 708-260-5130

2

Ann H Flowers                SSN: 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
135 23rd Ave                 DOI: 04-06-92
Bellwood, IL 60104           A10: 431897

If you refuse to accept this Reinstatement offer, we will so advise the Office of Workers
Compensation Programs for whatever action they deem necessary

Please indicate your decision by signing the appropriate space on Attachment A.

Mark Tovey                   GILBERT LOPEZ
Manager, P & D               Senior Injury Compensation
Palatine P & D               Specialist

ATTACHMENTS

cc: Personnel
    Injury compensation
    OWCP Claims Supervisor
    Employee Assistance Program
    Labor Relations

3

ATTACHMENT A

Employee: Flowers, Ann H
A10: 431897
SSN: 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

Conditions of your Return to Work are as follows:

1. You must remain in psychiatric and psychological treatment.

2. You must continue your psychotherapy for six(6) months after returning to work.

3. Enroll in EAP program for monitoring of your medical status.

I ACCEPT YOUR POSITION            I REJECT YOUR POSITION

_____      _____
Signature of Employee  Date        Signature of Employee  Date