UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN H. FLOWERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES POSTAL SERVICE, )<br>JOHN E. POTTER, Postmaster General, )<br>)<br>Defendant. ) | No.  08 C 552<br><br>Judge Kennelly |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

### Introduction

Plaintiff Ann Flowers, a former employee of the United States Postal Service, was off work and receiving federal workers' compensation benefits for ten years, from 1992 through December 16, 2002. Flowers failed to timely request restoration to her job position following the termination of her federal workers compensation benefits, and so was terminated from her postal employment in 2003. She appealed the postal service's refusal to reinstate her to the Merit Systems Protection Board ("MSPB"), which ultimately upheld the Postal Service's decision. She then appealed the MSPB's decision to the Court of Appeals for the Federal Circuit, which affirmed. Now, almost five years after her employment ended, Flowers has filed suit, claiming that the Postal Service's failure to reinstate her was motivated by illegal retaliation and race, sex, disability and age discrimination. Flowers' complaint should be dismissed as barred by the doctrine of *res judicata*. Alternatively, it may be dismissed for failure to state a claim, as Flowers' failed to exhaust her available administrative remedies concerning her discrimination and retaliation claims prior to filing suit.

**Background**

Beginning in June 1976, plaintiff Ann Flowers was employed as an electronics technician with the Postal Service. Compl., ¶ 13, Attachment 1 at 1. Sometime in 1984, Flowers allegedly filed an administrative claim of sex discrimination, but never followed through on it. *Id.*

Sometime in 1992, Flowers filed a claim for federal workers' compensation benefits with the U.S. Department of Labor's Office of Workers' Compensation Programs ("OWCP") due to major depression. *Id*. at 1-2; *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. 937, 938; 2006 WL 2615056, * 1 (Fed. Cir. September 13, 2006) (attached).[1] The OWCP accepted her claim, and Flowers was on paid disability leave from the Postal Service until December 16, 2002, when the OWCP discontinued her benefits due to Flowers' failure to provide medical evidence supporting her claim of continued injury. *Id* at 2-6; *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1.

Flowers applied for reinstatement to her postal position in September 2003, but her application was denied. *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1. Flowers appealed the Postal Service's decision to the Merit Systems Protection Board ("MSPB"). *Id.* An MSPB administrative law judge upheld the Postal Service's decision, finding that Flowers had failed to request reinstatement within 30 days of the termination of her federal workers' compensation benefits on December 16, 2002, as required by Title 5 C.F.R. § 353.301(b). *Id.*, 197 Fed Appx. at 2-3, 2006 WL 2615056 at * 1-2; Ex. A, *Flowers v. United States*

---

[1] The court may take judicial notice of the decisions of other courts and other matters of public record, without converting a motion to dismiss to one for summary judgment. Fed. R. Civ. Pro.12(b)(6), 56; *Pugh v. Tribune Co.*, 521 F.3d 686, 690, n. 2 (7th Cir. 2008).

*Postal Service*, No. CH-0353-05-0114-I-1, Initial Decision of the MSPB at 3 (September 30, 2005). The full board of the MSPB denied Flowers' appeal of the MSPB ALJ on January 6, 2006.  Ex. B.

Flowers also filed a separate administrative EEO complaint with the Postal Service in late 2003.  *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1; Compl. at 28.  In her administrative complaint, Flowers alleged that the Postal Service's refusal to reinstate her was due to illegal race, sex, age and disability discrimination, and in retaliation for prior EEO activity.  Compl. at 28.  Flowers' administrative complaint was dismissed in November 2004.  Compl. at 28.

About three and a half years later, in August 2007, Flowers filed an administrative complaint of discrimination, trying to revive her challenge to the Postal Service's denial of reinstatement in 2003. Compl. at 16.  The Postal Service dismissed her complaint, finding it raised identical claims those adjudicated in Flowers' 2004 administrative EEO complaint.  Compl. at 27-33.  The Office of Federal Operations of the U.S. Equal Employment Opportunity Commission ("EEOC") affirmed on December 4, 2007.  Compl. at 31-32.

**Argument**

Flower's suit seeking reinstatement to her postal position attempts to revive discrimination and retaliation claims which she abandoned many years ago, and should therefore be dismissed for failure to exhaust administrative EEO remedies.  Alternatively, it may be dismissed on *res judicata* grounds, as the Postal Service's decision not to reinstate Flowers has previously been upheld by the Court of Appeals for the Federal Circuit.

**1.      Failure to Exhaust Administrative Remedies**

Both Flowers' complaint and the opinion of the Federal Circuit reference Flowers filing in late 2003 or early 2004 an administrative complaint EEO challenging the Postal Service's refusal to reinstate her. *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1; Compl. at 28. Flowers alleged that the Postal Service's refusal to reinstate her was due to illegal race, sex, age and disability discrimination, and in retaliation for prior EEO activity; these claims were dismissed in November 2004. Compl. at 28.

Instead of pursuing her administrative EEO remedies further, Flowers abandoned her discrimination claims and challenged the Postal Service's decision not to reinstate her before the MSPB. *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1; Compl. at 28. Flowers did not pursue her discrimination claims before the MSPB. *Id.* After Flowers lost before the MSPB and on appeal before the Federal Circuit, she attempted to revive her 2003 administrative EEO claims in a 2007 administrative EEO filing — but she was too late to do so, and the EEOC correctly dismissed her claims for failure to exhaust administrative remedies. *Id.*

Dismissal for failure to exhaust administrative remedies is appropriate here as well, as it is clear that Flowers has abandoned any claims of discrimination or retaliation first raised in 2003. *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003); *Gawley v. Indiana University*, 276 F.3d 301, 313 (7th Cir. 2001);. *McGinty v. United States Dept. of the Army*, 900 F.2d 1114, 1117 (7th Cir.1990). Simply put, Flowers had the opportunity to challenge her non-reinstatement as discriminatory or retaliatory many years ago; having failed to do so, it is too late for her to now pursue a lawsuit on those claims. *Brown*, supra.

**2.      *Res Judicata***

Claim preclusion, or *res judicata*, prevents parties from relitigating claims that were or could have been brought in an earlier lawsuit that resulted in a final judgment on the merits. *Cole v. Bd. of Trs. for the Univ. of Ill.*, 497 F.3d 770, 771-72 (7th Cir. 2007). *Res judicata* applies when (1) there has been a final judgment on the merits in an earlier action, (2) there is an identity of parties or privies in the two suits, and (3) there is an identity of the causes of action in the two suits. *Ross v. Bd. of Educ. of Twp. High Sch., Dist. 211*, 486 F.3d 279, 283 (7th Cir.2007).

All three of the factors for application of *res judicata* have been met. First, the decision of the Federal Circuit was a final decision or judgment affirming the MSPB decision on the merits against Flower's claims against the Postal Service. *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1. Second, the Postal Service was a party to the underlying MSPB action brought by Flowers. *Id.*; Exs. A, B. Finally, the claim here is similar to that previously decided by the MSPB and the Federal Circuit, *i.e.*, whether the Postal Service's refusal to reinstate was Flowers proper. The Federal Circuit found that it was, and the doctrine of *res judicata* therefore bars Flowers from relitigating that claim here.

Flowers may argue that she now wants to challenge the Postal Service's decision on discrimination or retaliation grounds. This is not enough to avoid the bar of *res judicata*, as it also prevents Flowers from litigating any discrimination issues which could have been raised in her prior

MSPB action. 5 U.S.C. § 7702; 29 C.F.R. § 1614.302(a); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1364 (7th Cir.1988), *cert. denied*, 488 U.S. 856 (1988). It is therefore appropriate for the court to dismiss Flowers' complaint as also barred by the doctrine of *res judicata*.

## Conclusion

For these reasons, the court should dismiss the complaint, with prejudice.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/Ernest Y. Ling
    ERNEST Y. LING
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5870
    ernest.ling@usdoj.gov