# Westlaw.

197 Fed.Appx. 937
197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.)
(Cite as: 197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.))

Page 1

**H**
Flowers v. Merit Systems Protection Bd.
C.A.Fed.,2006.
This case was not selected for publication in the Federal Reporter.NOTE: Pursuant to Fed.Cir.R. 47.6, this order is not citable as precedent. It is public record.Please use FIND to look at the applicable circuit court rule before citing this opinion. Federal Circuit Rule 47.6. (FIND CTAF Rule 47.6.)
United States Court of Appeals,Federal Circuit.
Ann H. FLOWERS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
No. 2006-3152.

Sept. 13, 2006.
Rehearing Denied Nov. 15, 2006.

**Background:** Former postal worker sought judicial review of decision in which Merit Systems Protection Board dismissed for lack of jurisdiction her appeal against United States Postal Service for denying her request for restoration following compensable injury.

**Holdings:** The Court of Appeals, Rader, Circuit Judge, held that:
(1) former postal worker was not entitled to reinstatement under regulation entitling federal employee who recovered fully from compensable injury within one year from date of eligibility for compensation to immediate and unconditional restoration to former position or equivalent, and
(2) former postal worker was not eligible for reinstatement under regulation allowing for restoration, on priority basis, of federal employee who separated due to compensable injury and whose full recovery took longer than one year from date of eligibility for compensation, if employee applied for reappointment within 30 days of cessation of compensation.

Affirmed.

West Headnotes

**[1] Officers and Public Employees 283 €═>76**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)7 Reinstatement and Back Pay
            283k76 k. In General. Most Cited Cases
Regulation entitling federal employee who recovered fully from compensable injury within one year from date of eligibility for compensation to immediate and unconditional restoration to former position or equivalent did not apply to former postal worker who indicated that she was able to go back to work within one year of acceptance of her disability claim, but continued to collect compensation benefits for some 10 years after compensable injury date. 5 C.F.R. §§ 353.102(2), 353.301(a).

**[2] Officers and Public Employees 283 €═>76**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)7 Reinstatement and Back Pay
            283k76 k. In General. Most Cited Cases
Former postal worker who did not request reinstatement until approximately 10 months after discontinuation of workers' compensation benefits was not eligible for reinstatement under regulation allowing for restoration, on priority basis, of federal employee who separated due to compensable injury and whose full recovery took longer than one year from date of eligibility for compensation, if employee applied for reappointment within 30 days of cessation of compensation. 5 C.F.R. § 353.301(2).

*938 Before NEWMAN, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

197 Fed.Appx. 937
197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.)
(Cite as: 197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.))

Page 2

Judge.

RADER, Circuit Judge.
**1 The Merit Systems Protection Board (Board) dismissed for lack of jurisdiction the appeal of Ann H. Flowers against the United States Postal Service for denying her request for restoration following a compensable injury. *Flowers v. U.S. Postal Serv.*, MSPB Docket No. Ch-0353-05-0114-I-1. Finding no reversible error, this court *affirms*.

I

On October 7, 1994, the Office of Workers Compensation Programs (OWCP) accepted Ms. Flowers' claim that she suffered from major depression. The claim identified April 6, 1992 as the date of the injury. On September 28, 1995, her physician advised that she was able to return to work. On May 3, 1996 the Postal Service offered Ms. Flowers reinstatement subject to her commitment to enroll in an Employee Assistance Program and other conditions. Ms. Flowers rejected the offer and filed an equal employment opportunity (EEO) grievance protesting the conditions. The EEO grievance was rejected. Ms. Flowers, nonetheless, continued to receive compensation benefits.

On December 16, 2002, the OWCP discontinued benefits because Ms. Flowers had "failed to provide medical evidence/argument supporting continued work related residuals of her April 6, 1992 injury on or after December 16, 1996." On August 5, 2003 Ms. Flowers' doctor approved her return to work and in September 2003 Ms. Flowers requested reinstatement. After corresponding with the Postal Service regarding its failure to reinstate her, Ms. Flowers filed another grievance with the EEO on November 10, 2003. The agency denied this claim as well.

II

Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews *de novo*. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed.Cir.1999); *Middleton v. Dep't of Defense*, 185 F.3d 1374, 1379 (Fed.Cir.1999). Ms. Flowers has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (2006); *Clark v. United States Postal Serv.*, 989 F.2d 1164, 1167 (Fed.Cir.1993).

[1] A separated employee's rights to reinstatement after a compensable injury depends on the recovery of the injured or disabled employee. An employee who fully recovers from a compensable injury within one year from the date of eligibility for compensation is entitled to immediate and unconditional restoration to the former position or an equivalent. 5 C.F.R. § 353.301(a)(2005). However, an employee who separated because of a compensable injury and whose full recovery takes longer than one year from the date eligibility for compensation receives priority consideration, agencywide, for restoration to the position he or she left or an equivalent *provided he or she applies for reappointment within thirty days of the cessation of compensation.* 5 C.F.R. § CFR 353.301(b)(2005)(emphasis added). An employee is fully recovered when compensation payments have been terminated on the basis that the employee is able to perform all the duties of the vacated position. 5 C.F.R. § 353.102(2).

**2 Ms. Flowers argues § 353.301(a) applies because she indicated she was able to go back to work on September 28, 1995, within one year of the OWCP accepting her disability claim. As noted by the Board, however, § 353.301(a) only applies if the employee is fully recovered. That is, *939 "when compensation payments have been terminated."§ 353.102(2). Ms. Flowers continued to collect compensation benefits until December 16, 2002, some ten years after the April 6, 1992 compensable injury date. Therefore, § 301(a) cannot apply.

[2] Regarding the possibility of reinstatement under § 353.301(b), the critical date to request reinstatement is January 15, 2003, thirty days after the discontinuation of OWCP benefits. Ms. Flowers,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

197 Fed.Appx. 937
197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.)
(Cite as: 197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.))

Page 3

however, did not request reinstatement until September of 2003, some ten months after the critical date. Thus, she is not eligible reinstatement under § 353.301(b).

As a result, as the Board found, Ms. Flowers is not eligible for reinstatement under either § 353.301(a) or § 353.301(b). Therefore, this court affirms the Board's decision.

C.A.Fed.,2006.
Flowers v. Merit Systems Protection Bd.
197 Fed.Appx. 937, 2006 WL 2615056 (C.A.Fed.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.