# Exhibit A

2005 WL 3592455 (PERSONNET)                                             Page 1
2005 WL 3592455 (PERSONNET)
(Publication page references are not available for this document.)

Merit Systems Protection Board - Initial Decisions

**FLOWERS, ANN H**
VS
USPS
No. CH-0353-05-0114-I-1
September 30, 2005

Before: DETJEN, MARY L., ALJ

```
+----------------------------------------------+
            Caution!

 MSPB Initial Decisions are NOT PRECEDENTIAL

 and cannot be cited as such in submissions

 to the Board or the Federal Courts.

+----------------------------------------------+
```

UNITED STATES OF AMERICA

MERIT SYSTEMS PROTECTION BOARD

CENTRAL REGIONAL OFFICE

```
_____
                        )
                        )
ANN H. FLOWERS,         )    DOCKET NUMBER
                        )
    Appellant,          )    CH-0353-05-0114-I-1
                        )
                        )
    v.                  )
                        )
                        )
UNITED STATES POSTAL SERVICE,  )   DATE: September 30, 2005
                        )
    Agency.             )
                        )
                        )
_____)
```

William Hrobowski, Bellwood, Illinois, for the appellant.

Isabelle Ferrera, Esquire, Chicago, Illinois, for the agency.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

2005 WL 3592455 (PERSONNET)  Page 2
2005 WL 3592455 (PERSONNET)
(Publication page references are not available for this document.)

BEFORE

Mary L. Detjen

Administrative Judge

### INITIAL DECISION

On November 15, 2004, the appellant filed an appeal of the agency's action allegedly denying her request for restoration. Although the appellant requested a hearing, I deny her request and issue this decision on the basis of the parties' written submissions. See *Manning v. Merit Systems Protection Board*, 742 F.2d 1424, 1427-28 (Fed. Cir. 1984) (there is no statutory right to a hearing on jurisdictional issues).

For the reasons discussed below, this appeal is DISMISSED.

### ANALYSIS AND FINDINGS

Background

The appellant was employed by the agency as an Electronics Technician at the Palatine Processing and Distribution Center. By letter dated October 7, 1994 the Office of Workers' Compensation Programs (OWCP) accepted the appellant's claim for major depression with April 6, 1992, identified as the date of her injury. Appeal file tab 6 at 48. On September 28, 1995, Fatima Z. Ali, M.D., her attending physician, advised the appellant was able to return to work. *Id.* at 47. On May 3, 1996, the Postal Service offered the appellant reinstatement with specific conditions regarding participation in the Employee Assistance Program; the appellant rejected that offer. *Id.* at 39-41. When the appellant grieved the conditions placed on her return, the agency denied the grievance and noted the appellant continued to receive OWCP benefits.1 *Id.* at 31.

On December 16, 2002, OWCP issued a decision disallowing the appellant's claim for continuing compensation benefits. Appeal file tab 11. The cover letter informed her she had 30 days to request restoration from the date compensation ended. *Id.*

On August 5, 2003, Sabri H. Sheikha, M.D., the appellant's present doctor, released her to return to work. Appeal file tab 6 at 14. In November 2003, the appellant corresponded with the agency about her September 2003 request to the agency for reinstatement. *Id.* at 9-13. On November 10, 2003, the appellant sought EEO counseling regarding the agency's failure to reinstate her. Appeal file tab 1, Final Agency Decision at 1. The agency denied her complaint, and the appellant filed this appeal with the Board after receiving the Final Agency Decision.

Discussion

In the Acknowledgment Order of November 29, 2004, I advised the appellant of the jurisdictional requirements of a restoration appeal. Appeal file tab 2. The appellant contends that she is entitled to restoration as an individual who recovered within one year of the date she began receiving compensation. The agency responded that the appellant failed to request restoration within 30 days of the date her compensation ended and that her appeal was untimely.2

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

2005 WL 3592455 (PERSONNET)                                              Page 3
2005 WL 3592455 (PERSONNET)
(Publication page references are not available for this document.)

An individual who has fully recovered from a compensable injury within one year of the date eligibility for compensation began is entitled to immediate and unconditional restoration to her former position or an equivalent one. 5 C.F.R. § 353.301(a) (2005). An employee is 'fully recovered' when OWCP compensation ceases. 5 C.F.R. § 353.102 (2005). Therefore, contrary to the appellant's assertion, she was not fully recovered until December 2002, when OWCP terminated her compensation approximately 10 years after the date of her injury.

The appellant's restoration rights are consequently those of an individual who fully recovers after more than one year. As such, the appellant is entitled to priority consideration, agencywide, for restoration to the position she left or an equivalent one, provided she applies for reappointment within 30 days of the cessation of compensation. 5 C.F.R. § 353.301(b) (2005). Priority consideration is accorded by entering the individual on the agency's reemployment priority list.

In her November 2003 correspondence with the agency regarding reinstatement, the appellant stated she sent the August 2003 release from her doctor and CA-17 to the agency's Injury Compensation Office in September 2003. Because her compensation ended with the December 16, 2002 decision by OWCP, her request for restoration should have been filed by January 16, 2003. Because the appellant did not request restoration within 30 days of the date her compensation ended, I grant the agency's motion and dismiss this appeal.

**DECISION**

The appeal is DISMISSED.

FOR THE BOARD                    _____

            Mary L. Detjen

            Administrative Judge

**NOTICE TO APPELLANT**

This initial decision will become final on November 4, 2005, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

**BOARD REVIEW**

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

            The Clerk of the Board

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

2005 WL 3592455 (PERSONNET)                                               Page 4
2005 WL 3592455 (PERSONNET)
(Publication page references are not available for this document.)

                    Merit Systems Protection Board

          1615 M Street, NW.,

          Washington, DC 20419

   A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website ().

   If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. See 5 C.F.R. § 1201.4(j).

                              **JUDICIAL REVIEW**

   If you are dissatisfied with the Board's final decision, you may file a petition with:

          The United States Court of Appeals

             for the Federal Circuit

             717 Madison Place, NW.

             Washington, DC 20439

   You may not file your petition with the court before this decision becomes final. To be timely, your petition must be received by the court no later than 60 calendar days after the date this initial decision becomes final.

   If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, Additional information is available at the court's website, . Of particular relevance is the court's 'Guide for Pro Se Petitioners and Appellants,' which is contained within the court's , and Forms , , and .

                          **NOTICE TO AGENCY/INTERVENOR**

   The agency or intervenor may file a petition for review of this initial decision

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

2005 WL 3592455 (PERSONNET)  
2005 WL 3592455 (PERSONNET)  
(Publication page references are not available for this document.)

Page 5

in accordance with the Board's regulations.

### FOOTNOTES

FN1. The appellant also filed an EEO claim regarding the conditions placed on her reinstatement in 1997. Appeal file tab 6 at 19-21. The appellant's complaint was dismissed by the U.S. District Court for the Northern District of Illinois on February 4, 1999. Appeal file tab12, Agency Exhibits A & B.

FN2. The appellant filed her appeal with the Board on November 24, 2004. The Final Agency Decision was sent on November 3, 2004. Because the Board appeal was filed within 30 days of the appellant's receipt of the Final Agency Decision, the appeal is not untimely.

2005 WL 3592455 (PERSONNET)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Exhibit B

101 M.S.P.R. 131 (Table)
101 M.S.P.R. 131 (Table)
(Cite as: 101 M.S.P.R. 131)

H(The decision of the Board is referenced in a Table of Unpublished Decisions appearing in the United States Merit Systems Protection Board Reporter.)

Merit Systems Protection Board
**Ann** H. **Flowers**
v.
U.S. Postal Service
NO. CH-0353-05-0114-I-1

January 06, 2006

Denied.

101 M.S.P.R. 131 (Table)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.