

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANN H. FLOWERS,                    }
                    Plaintiff      }
                                   }         No.  08 C-552
v.                                 }         Judge Kennelly
                                   }
UNITED STATES POST OFFICE,         }
JOHN E, POTTER, Postmaster General }
                    Defendants     }

**FILED**
J.N   AUG 13  2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### Introduction

Plaintiff filed a discrimination claim against Defendants in 2003 after she was

denied reinstatement (she had been away from work due to a disability).  The  Defendants

ruled against Plaintiff's claim.  Plaintiff appealed the agency decision to the Merit

Systems Protection Board ("MSPB").  The MSPB ruled against the Plaintiff on

procedural grounds, never addressing the discrimination issues.  The Court of Appeals for

the Federal Circuit later upheld the MSPB's decision that Plaintiff's appeal should be

denied on procedural grounds.  Neither the MSPB nor the appeals court ever examined

Plaintiff's discrimination claims.  Subsequently, in 2007, Plaintiff filed a separate

discrimination claim and that claim is now pending before this court.  Because no

appellate tribunal ever addressed the merits of Plaintiff's 2003 discrimination claim, and,

because Plaintiff's 2007 complaint constitutes a separate claim based upon different facts,

Defendants' reliance on the theory of res judicata is misplaced.  Similarly, Defendants'

argument that Plaintiff failed to exhaust her administrative remedies with respect to her

2007 complaint is without merit as the record clearly reflects that Plaintiff filed her

complaint with the Defendants, timely appealed the adverse decision to the EEOC, and properly appealed the EEOC's decision to this court.

## Argument

### The Theory of Res Judicata Is Inapplicable

With respect to Plaintiff's 2003 discrimination claim, the only issue that was fully litigated was the procedural one of whether Plaintiff timely filed her request for reinstatement after her benefits ceased. In this regard, the MSPB and the Court of Federal Appeals ruled against Plaintiff. However, because Plaintiff's petition was dismissed on procedural grounds, neither the MSPB nor the Court of Federal Appeals (nor the EEOC for that matter) ever addressed Plaintiff's claim of discrimination (while the agency did address Plaintiff's 2003 discrimination claim, an agency decision clearly has no precedential value). As such, the proceedings in 2003 have no relevance to Plaintiff's 2007 complaint, and, therefore, the theory of res judicata is inapplicable.

### Plaintiff Did Exhaust Her Administrative Remedies

As the record indicates, Plaintiff filed her discrimination complaint with the agency in 2007, the agency ruled against her, the Plaintiff filed her appeal with the EEOC, and the EEOC ruled against her. Subsequently, Plaintiff filed this action. Therefore, there can be no dispute that Plaintiff has met all of her administrative filing requirements with respect to her 2007 complaint of discrimination. .

Defendants argue that Plaintiff failed to exhaust her administrative requirements because she did not appeal her 2003 discrimination claim to the EEOC. That argument

has relevance only if it can be concluded without contradiction that Plaintiff's 2007 claim is exactly the same claim that client filed in 2003. Plaintiff disputes this assertion. Rather, Plaintiff contends the claims are separate and distinct because of different facts. For example, Plaintiff now alleges she was discriminated against because employees_____ was hired in _2007_____. Similarly, Plaintiff contends she was discriminated against when _maintenance employees_ was hired in _2007_. Please see names and dates on page 3 of 5a.

Importantly, the Defendants have the burden of persuasion with respect to this issue. Plaintiff contends that by definition the Defendants cannot meet this burden until discovery is complete. At this time, Defendants' contention is pure conjecture and premature. Plaintiff fully expects information obtained during discovery to establish that Plaintiff's claim is separate and distinct. Discovery must be concluded before the issue of similar claims can be accurately resolved.

As an aside, Plaintiff recognizes there may ultimately be issues raised with respect to the timeliness of her 2007 complaint. Discovery should also go forward in order to resolve that issue. .

For these reasons, Defendants' motion should be denied.

### Conclusion

For the reasons set forth above, Plaintiff requests this court deny Defendants'

Here are some of names and dates of USPS maintenance new hires in 2007 given to me
by USPS official.

1. Adam C. Sulter hired March 31, 2007.

2. James A. Perfors hired December 6, 2007.

3. John G. Gomez hired June 9, 2007.

4. Kathleen Ramos hired June 9, 2007.


Palatine P& DC had two vacancies for electronic technicians; USPS gave no names of
the persons who filled these vacancies.  USPS did not send vacancies from the Carol
Stream P& DC office.  This is the same office in different locations.

1. November 10, 2007

2. December 8, 2007

Plaintiff's Response To Defendants' Motion to Dismiss
Page 3 of 5a

Motion To Dismiss and allow discovery to go forward. .

Respectfully submitted,

*Ann Flowers*

ANN H. FLOWERS
Plaintiff Pro Se

3223 Springleaf Drive
Mesquite, Texas 75181

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies a true and correct copy of Plaintiff's Response To Defendants' Motion To Dismiss was served on Ernest Y. Ling, Assistant U.S. Attorney, at 219 South Dearborn Street, Chicago, Illinois 60604, by regular mail.

ANN H. FLOWERS
Plaintiff Pro Se