UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN H. FLOWERS,               ) | |
|                              ) | |
|     Plaintiff,               ) | |
|                              ) | No.  08 C 552 |
|     v.                       ) | |
|                              ) | Judge Kennelly |
| UNITED STATES POSTAL SERVICE, ) | |
| JOHN E. POTTER, Postmaster General, ) | |
|                              ) | |
|     Defendant.               ) | |

**REPLY MEMORANDUM IN
SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Introduction**

Instead of adequately addressing any of the bases for dismissal previously set forth, plaintiff Ann Flowers' response memorandum makes it clear that she wants to challenge her 2003 non-reinstatement to postal employment, long after the time for doing so has passed. The motion to dismiss should therefore be granted.

**Argument**

**1.     Failure to Exhaust**

In her response, Flowers concedes that her lawsuit is an attempt to revive discrimination and retaliation claims concerning the Postal Service's refusal to reinstate her to her postal employment in 2003, following Flowers' absence from her job for more than ten years. Pl. Resp. at 1.

Nonetheless, Flowers argues, without support or any reference to any facts or law, that her 2007 complaint is "a separate claim based upon different facts." This is simply wrong: Flowers is still trying to challenge the Postal Service's 2003 decision not to reinstate her employment. The

passage of time does not make it "a new claim." As noted by the Court of Appeals for the Federal Circuit, Flowers lost her administrative EEO challenge to the 2003 non-reinstatement decision many years ago. *Flowers v. Merit Systems Protection Board*, 197 Fed Appx. at 938; 2006 WL 2615056 at * 1 (copy previously attached to defendant's opening memorandum).

In fact, Flowers admits in her response brief that the Postal Service denied her administrative EEO challenge to her non-reinstatement in 2003. Pl. Resp. at 2. Flowers did not timely appeal the Postal Service's denial of her EEO claim to the EEOC or the district court, but instead elected to challenge her non-reinstatement (on non-discrimination grounds) before the MSPB, thereby abandoning her administrative EEO remedies concerning the non-reinstatement decision. As she abandoned those claims many years ago, her complaint should therefore be dismissed for failure to exhaust administrative EEO remedies. *Brown v. General Services Administration*, 425 U.S. 820, 835 (1976); *Hill v. Potter*, 352 F.3d 1142, 1145 (7th Cir. 2003); *Gawley v. Indiana University*, 276 F.3d 301, 313 (7th Cir. 2001);. *McGinty v. United States Dept. of the Army*, 900 F.2d 1114, 1117 (7th Cir.1990).

**2.    *Res Judicata***

Flowers states in her response that she now wants to raise discrimination claims which she didn't raise before the Merit Systems Protection Board. Pl. Resp. at 2-3. Her complaint may therefore also be dismissed on *res judicata* grounds, as the MSPB's decision to uphold the Postal Service's decision not to reinstate Flowers has previously been upheld by the Court of Appeals for the Federal Circuit, and the doctrine of *res judicata* prevents parties from relitigating claims that were or could have been brought in an earlier lawsuit that resulted in a final judgment on the merits. *Cole v. Bd. of Trs. for the Univ. of Ill.*, 497 F.3d 770, 771-72 (7th Cir. 2007).

In short, the Postal Service refused to reinstate Flowers in 2003. She had a chance to pursue her administrative EEO remedies and challenge that decision as discriminatory before the EEOC or the MSPB, but that time has long past. Flowers should not be allowed to now pursue her long-abandoned claims before this court, and her complaint should therefore be dismissed.

### Conclusion

For the reasons previously stated, the court should dismiss the complaint, with prejudice.

>Respectfully submitted,
>
>PATRICK J. FITZGERALD
>United States Attorney
>
>By: s/ Ernest Y. Ling
>    ERNEST Y. LING
>    Assistant United States Attorney
>    219 South Dearborn Street
>    Chicago, Illinois 60604
>    (312) 353-5870
>    ernest.ling@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**Reply Memorandum in Support of Defendant's Motion to Dismiss**

was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first-class mail on August 29, 2008, to the following non-ECF filers:

    Ann H. Flowers
    3223 Springleaf Drive
    Mesquite Texas 75181

    s/Ernest Y. Ling
    ERNEST Y. LING
    Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 353-5870