# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANN H. FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 C 552 |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, United ) | |
| States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Ann Flowers has sued the United States Postal Service (USPS) for unlawful discrimination based on disability, pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); gender, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f); age, pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 626(c); and retaliation for engaging in protected activity, pursuant to these same statutes. (Flowers' original complaint included a claim of race discrimination, but she has abandoned this claim by failing to address the USPS's arguments regarding the claim. *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 n.2 (7th Cir. 1996).) Flowers claims that the USPS discriminated and retaliated against her when it failed to reinstate or hire her for an available position in its maintenance department.[1]

---

[1] The Court thanks appointed counsel, Ryan Haas of Chuhak & Tecson, for his diligent and thorough work on Flowers' behalf.

## Facts

USPS first employed Flowers in October 1970 as a distribution clerk. Flowers later became an electronic technician in the maintenance department at the Palatine Processing and Distribution Center in Palatine, Illinois. In October 1994, the Office of Workers Compensation Programs (OWCP) approved Flowers' claim for benefits due to major depression. In September 1995, her physician cleared her to return to work, and she requested reinstatement. USPS offered Flowers a full-time position in May 1996, subject to her commitment to enroll in an Employee Assistance Program and other conditions. She rejected the offer of employment and filed an equal employment opportunity (EEO) complaint protesting the conditions. Although USPS rejected Flowers' EEO complaint, she continued to receive worker's compensation benefits until December 2002.

In August 2003, Flowers' physician approved her to return to work. When she requested reinstatement, USPS denied her application. Flowers challenged the denial by appealing the decision to the Merit Systems Protection Board (MSPB) and by filing an internal EEO complaint.

The MSPB rejected Flowers' claim due to her failure to request reinstatement within thirty days of cessation of her worker's compensation benefits, as required by applicable regulations. Flowers appealed this ruling to the United States Court of Appeals for the Federal Circuit, which upheld the MSPB's decision. Specifically, the court determined that Flowers did not qualify for reinstatement because her original request was untimely. *See Flowers v. Merit Sys. Prot. Bd.*, 197 Fed. Appx. 937, 939 (Fed. Cir. 2006) ("*Flowers I*").

In her EEO complaint, Flowers claimed that by hiring male technicians in the maintenance department during the time she sought reinstatement, the agency discriminated against her based upon her race, gender, age, and disability and in retaliation for prior EEO complaints. In November 2004, USPS rejected Flowers' EEO complaint. It noted that Raymond Janicek, a USPS manager of personnel services, had indicated that "reinstatements are one desirable manner in which the Postal Service fills vacancies that are not filled by promotion of qualified lower level employees." Def.'s Ex. 4 at 8. The agency found no evidence of discrimination, however, because the position at issue was filled by promotion and was not available to other applicants. The USPS also considered Janicek's statement "that [Flowers'] request for reinstatement remains on file and will be given consideration when the need arises to go outside to fill a vacancy." *Id.* at 6. Flowers did not appeal the USPS decision to the Equal Employment Opportunity Commission and did not file suit in federal court.

Flowers' present lawsuit is premised in part on evidence that predated or was contemporaneous with her EEO complaint. Specifically, on March 9, 2004, Janicek sent her a written response to her request for assistance with reinstatement. Janicek stated that "[i]n response to your inquiry, there is no 'form' to fill out for reinstatement. All that's required is your signed request." *See* Pl.'s Ex. 10. In addition, on January 14, 2005, Janicek sent Flowers a letter stating that her "request to be considered for an Electronic Technician position has been received" and that there were no vacancies at that time. Pl.'s Ex. 13. Janicek also stated: "We will contact you if an opportunity becomes available." *Id.*

3

Flowers says that USPS never contacted her about any available positions. She alleges that in 2007, she learned that USPS had hired men to maintenance positions in the Palatine facility. She later obtained a list of males who were hired into maintenance positions at the Palatine and Carol Stream facilities in 2004, 2005, 2006, and 2007. Flowers claims that USPS discriminated against her by failing to consider her for those positions. She also alleges that USPS retaliated against her for the EEO claim she filed in March 2004 by failing to place her in any vacant maintenance position from 2004 through 2007.

## Discussion

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court views the record in the light most favorable to the nonmoving party and draws reasonable inferences in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**1.     Discrimination claims**

A plaintiff in a suit under the Rehabilitation Act, Title VII, or the ADEA may attempt to prove discrimination by either direct or indirect evidence. *See, e.g., Van Antwerp v. City of Peoria*, 627 F.3d 295, 297 (7th Cir. 2010); *Phelan v. Cook County*,

4

463 F.3d 773, 779 (7th Cir. 2006); *Silk v. City of Chicago*, 194 F.3d 788, 798 n.6 (7th Cir. 1999). Flowers relies only on the indirect method, which requires her to first establish a *prima facie* case of discrimination.

One element of Flowers' *prima facie* case is proof that she was qualified for an open position. *See Hobbs v. City of Chicago*, 573 F.3d 454, 460 (7th Cir. 2009) (gender discrimination); *Sembos v. Philips Components*, 376 F.3d 696, 700 (7th Cir. 2004) (age discrimination); *Garg v. Potter,* 521 F.3d 731, 736 (7th Cir. 2008) (disability discrimination). The Federal Circuit has already determined that Flowers does not qualify for reinstatement into a maintenance position. *Flowers I*, 197 Fed. Appx. at 939. That aside, the postal handbook provides that an "applicant [seeking reinstatement] must meet the qualification requirements for the position, *including any currently required examinations*." *See* Def.'s Reply, Ex. I at 5 (emphasis added). The maintenance selection system handbook states that maintenance craft career employees are given first priority in filing vacancies in maintenance. *See id.*, Ex. G at 5. The handbook also includes an employee maintenance position selection form, which lists the various exams an applicant must complete depending on the position she wishes to fill. Ricky Hilliard, manager of maintenance, testified that maintenance employees must take an examination to qualify for a maintenance position and must stay updated on the department's equipment by reading manuals or going to training classes. *See* Hilliard Dep. at 42-43.

Flowers contends that because she sought reinstatement, she did not need to take the required maintenance exams. She claims that like other long-term USPS

5

employees, exams she took over twenty years earlier qualified her for a maintenance technician position at the relevant times. *See* Pl.'s Br. at 7-8. Flowers bases her position on Hilliard's testimony that employees who were qualified under the older maintenance system did not need to take additional examinations and were grandfathered in to work in new maintenance systems that went into effect in 2007 and 2008. *See* Hilliard Dep. at 43-44. Flowers also relies on communications she received from Janicek that indicated that she did not need to do anything to be considered for a maintenance position other than to make her wishes known.

Flowers' contention that she need not take examinations currently required to qualify for the position is incorrect. At the time in question, Flowers had not worked for USPS for about ten years. In addition, the Federal Circuit has held that she did not qualify for reinstatement. *See Flowers I*, 197 Fed. Appx. at 939. Nothing in the evidence that Flowers cites suggests she is entitled to grandfathering or any other special consideration given to then-current USPS employees. Moreover, written USPS policy reflects that even an applicant who is eligible for reinstatement must qualify for the position and complete "any currently required examinations." *See* Def.'s Reply, Ex. I at 5.

Flowers seeks to rely on Janicek's assurances that she was eligible for reinstatement and the fact that in responding to her requests, he never indicated that she needed to take any sort of examination. Even if construed in the light most favorable to Flowers, this evidence does not create a triable issue of fact regarding her qualification for the positions at issue, a necessary element of a *prima facie* case of discrimination. The policies and rules cited earlier reflect that Flowers was not, in fact,

6

eligible for the positions in question. Even if Janicek suggested otherwise, "estoppel will not operate against the government where a plaintiff has relied on the erroneous advice of a government agent." *Estate of Kunze v. Comm'r of Internal Revenue*, 233 F.3d 948, 952 (7th Cir. 2000); *see also Cheers v. Sec'y of Health Edu. & Welfare*, 610 F.2d 463, 469 (7th Cir. 1979) ("Parties dealing with the Government are charged with knowledge of and are bound by statutes and lawfully promulgated regulations despite reliance to their pecuniary detriment upon incorrect received from Government agents or employees.").

Even if a reasonable fact finder could determine that Flowers was eligible for the position, her discrimination claims nonetheless would fail. To establish a *prima facie* case, Flowers must also show that there was at least one similarly situated person outside of her protected class who was treated more favorably. *See Hobbs*, 573 F.3d at 460; *Sembos*, 376 F.3d at 700; *Garg,* 521 F.3d at 736. Flowers has provided a list that includes people she contends were not previously with USPS but were hired into maintenance positions from 2004 through 2007. USPS personnel records reflect, however, that those same persons began working for USPS in 1984, 1986, 1987, 1989, 1998, and 2002.[2] *See* Def.'s Reply, Ex. F. In short, no reasonable jury could find any of these persons to be similarly situated to Flowers, who was not a current USPS employee at the times the maintenance positions were filled.

For these reasons, defendant is entitled to summary judgment on Flowers'

---

[2] The personnel forms document each employee's "enter on duty date" and the date the employee began working in the maintenance department. *See* Def.'s Reply, Ex. F.

7

discrimination claims.

**2. Retaliation claim**

The fact that Flowers was not qualified for reinstatement undermines her claim of retaliation just as it undermines her claim of discrimination. *See Cichon v. Exelon Generation, LLC*, 401 F.3d 803, 812 (7th Cir. 2005) (plaintiff claiming retaliatory failure to hire must show she had the qualifications required for the position).

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for summary judgment [docket no. 68] and directs the Clerk to enter judgment in favor of the defendant.

```
                                        _____
                                            MATTHEW F. KENNELLY
                                            United States District Judge
```

Date: February 14, 2011